# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br>  ) <br>    Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> SUPREME STAFFING LLC; BETTER ) <br> PLACEMENTS PERSONNEL LLC; AND ) <br> INSPIRE HOTEL STAFFING, LLC, ) <br>  ) <br>    Defendants. ) | Civil Action No. 2:22-cv-02668-SHL-tmp <br><br> JURY DEMAND |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendants*

4864-3563-5020

**I.      INTRODUCTION**

In the absence of a filed charge of discrimination, to determine whether a claim is timely, courts look to the date on which the EEOC notified the employer of the charges against it. In this case, no charge was ever filed charging any Defendant with Race discrimination. The Complaint does not allege otherwise nor identify any such charge. The EEOC never notified any Defendant about the individuals in the Complaint, and it never notified any Defendant about a Race-based investigation. The Complaint does not allege otherwise nor identify any such notice. The filing of the Complaint notified Defendants of the Race-based charges against it and, in turn, sets the limitations period. The Complaint does not plead an allegedly discriminatory act to have occurred within the limitations period. There is no timely allegation of discrimination. As pleaded, the EEOC's claims are time-barred, and this lawsuit should be dismissed with prejudice.

**II.     FURTHER ARGUMENTS & AUTHORITIES**

    **A.     This Motion does not challenge whether (or under what circumstances) the EEOC can expand an investigation.**

This Motion does not challenge the EEOC's "investigatory authority." It does not challenge how the EEOC conducts an investigation, and it does not challenge whether (or under what circumstances) the EEOC can expand an investigation. Whether or to what extent the EEOC's Race-based investigation was "expected to grow out of the investigation of Alvarez's charge" is not relevant to this Motion. (*See* Response, PageID 83-86.) This Motion does not challenge whether the EEOC appropriately expanded its investigation, which is what is at issue in the cases cited by the EEOC, such as *Spengler*, *Weigel*, *R.G. & G.R. Harris, McCall Printing,* and *Davis v. Sodexho*.[1] This Motion, to be clear, does not challenge whether they EEOC *could*

---

[1] *Keco Industries*, to which the EEOC also cites (Response, PageID 86-87), is likewise not relevant, but for a different reason. In *Keco*, the individual filing the charge (a female) was a

expand its investigation. This Motion challenges, in relevant part, whether the EEOC ever notified Defendants of an expanded investigation, or what it was expanding its investigation to include. The EEOC did not; it did not do either. The EEOC never said it was expanding its investigation nor what it was expanding its investigation to include. The Complaint does not allege otherwise.

> B. Mr. Alvarez did not file a charge on behalf of Black workers, and the EEOC never notified Defendants of Race-based charges against them.

Mr. Alvarez, a Hispanic Male, filed a charge of discrimination against Supreme Staffing for National Origin discrimination and retaliation. (*See* Charge, Exhibit 1, p.1; Defendants' Brief, PageID 6-7.) Mr. Alvarez did not, as the EEOC claims in its Response, assert "a race claim on behalf of a class of Blacks." (Response, PageID 82.) To reach this conclusion, the EEOC relies on a number of cases dealing with whether a plaintiff has exhausted his or her administrative remedies. (*Id*.) "In this Circuit," the EEOC tells the Court, Mr. Alvarez checking "only the national origin and retaliation boxes" "is not dispositive of whether [Alvarez] exhausted his administrative remedies." (*Id*.) This Motion does not challenge whether Mr. Alvarez exhausted his administrative remedies. The "exhaustion" cases, moreover, are not applicable to whether the EEOC ever notified any Defendant of any Race-based investigation. The EEOC never did; it never notified any Defendant of any Race-based investigation.

The EEOC, in its Response, now (falsely) contends that it "notified Defendants several times that it was investigating systemic, race-based claims." (Response, PageID 82-83.) The Complaint neither pleads nor substantiates any such notification, and the Response does not cite

---

member of the expanded class (of females). *See E.E.O.C. v. Keco Industries, Inc.*, 748 F.2d 1097, 1098 (6th Cir. 1984). The analysis from that case is not relevant to this case because, as detailed below, the individual that filed the charge (Mr. Alvarez) is not otherwise a part of these proceedings.

Page **2** of **9**

4864-3563-5020

anything at all in support of this contention. The EEOC then relies on cherry-picked statements from undersigned counsel, like counsel saying the EEOC had continued to "expand" its investigation. (*See* Response, PageID 5, 11.) As explained below, the EEOC's evidentiary materials are not properly before the Court. Regardless, this Motion does not challenge whether the EEOC expanded its investigation. This Motion challenges whether the EEOC ever notified any Defendant of the expanded investigation and what it was expanded to include. For the purposes of the statute of limitations, that is the standard: when did the EEOC notify the employer of the charges against it?[2] In this case, the EEOC never notified Defendants—any Defendant—of an investigation (or expanded investigation) into any individual charging Race discrimination, and it never notified Defendants—any Defendant—of an investigation into any of the individuals identified in the Complaint. The Complaint does not allege otherwise. The filing of the Complaint, therefore, sets the limitations period.

> **C.     Neither Count I nor Count II is based on an allegedly discriminatory act within the limitations period, and the EEOC does not argue otherwise.**

The Complaint was filed on September 29, 2022. (*See* Complaint, p.1.) Looking back 180 days sets April 2, 2022, as the outer limit of the limitations period. Here, to be timely pleaded, an allegedly discriminatory act must have occurred after April 2, 2022. The Complaint does not plead an allegedly discriminatory act to have occurred within this 180-day period. The EEOC does not argue otherwise in response nor identify an allegation Defendants overlooked.[3]

---

[2] The standard is not whether Defendants "could have reasonably expected" an expanded investigation, as the EEOC suggests. (Response, PageID 86.) The standard is whether the EEOC actually provided notice of one, notice of what it was investigating.

[3] The result is the same if the 300-day limitations period applied. It does not apply (*see* Defendants' Brief, PageID 13-14), but even if it did, it would extend the look-back period to December 3, 2021 (i.e., 300 days back from the filing of the Complaint). As pleaded, the most recent discriminatory act occurred in "December 2020" (Complaint, ¶ 44), a full one year from a

Counts I and II contain no timely allegation of discrimination. Both Counts are time-barred, and this lawsuit should be dismissed with prejudice.

### D. The EEOC's evidentiary materials do not overcome this Motion nor alter any statute of limitations analysis.

In opposing this Motion, the EEOC attached to its Response a number of documents and a declaration. (*See, e.g.*, Exhibit 1 to Response, Doc. 21-1.) Although dated, the declaration is not signed. (*See* Doc. 21-1, PageID 97.) A declaration must be signed to have any effect. *See* 28 U.S.C. s. 1746(1), (2) (requiring a "Signature"). Furthermore, "it is black-letter law that, with a few irrelevant exceptions, a court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). "Plaintiffs cannot," the *Bates* decision makes clear, "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id*. The EEOC does just this in response to this Motion, and it is improper. The new materials, moreover, do not alter the statute of limitations analysis. The EEOC does not argue otherwise. It, for example, does not cite to (nor provide the Court with) any actual notice given to any Defendant regarding a Race-based investigation. The new materials are not properly before ethe Court, and even if they were, they do not alter the statute of limitations analysis.

### E. The single-filing rule is not applicable to this case, and even if it was, the Sixth Circuit has already rejected the EEOC's proposed application of it.

The single-filing rule (or single-filer rule) is a narrow and complicated exception to

---

300-day look-back period. The result is also the same with the Letter of Determination, which the EEOC cites in its Response but does not include in the Complaint. (*See, e.g.*, Response, PageID 10, 14.) That letter is dated July 7, 2022, which would set September 10, 2021, as the outer date of a 300-day look-back period. The Complaint's most recent discriminatory act, December 2020, occurred nine months before this date. The result is again the same, and this lawsuit should be dismissed with prejudice.

whether and when an individual has exhausted administrative remedies.[4]  This Motion does not argue that any individual failed to exhaust administrative remedies.  It argues that, as pleaded, the claims are barred by the statute of limitations.  For this reason alone, the single-filing rule is not applicable to this case.

The single-filing rule, moreover, is not available in cases where the original filer is not part of the case.  Even as the EEOC explains it, "[t]he timely filing of a charge by a member of the class satisfies the filing obligation of **all** members of the class."  (Response, PageID 88 (emphasis in original).)  Mr. Alvarez is not part of any class, and he is not part of this lawsuit at all.  This lawsuit was filed on behalf of individuals identified in the Complaint to be Black.  (*See, e.g.*, Complaint, ¶¶ 40, 44, 48, 52, 63, 65.)  Mr. Alvarez is not Black and is not alleged to be Black (*see, e.g.*, Complaint, ¶ 27).  He is not part of the group of individuals identified in the Complaint.  He is not part of any class, and he is not part of this lawsuit at all.  No court has applied the single-filing rule to proceedings in which the original filer is not even involved.  The EEOC has not provided a single example in which a court has done so.  The rule remains inapplicable to this case.

Even if the rule were somehow applicable, the Sixth Circuit has already rejected what the EEOC now proposes.  Mr. Alvarez, in his Charge, charged Supreme Staffing with National Origin discrimination.[5]  (*See* Charge, Exhibit 1, p.1.)  This lawsuit alleges discrimination based

---

[4] "A plaintiff must exhaust administrative remedies before filing suit in federal court. . . . We must first determine whether Plaintiffs Anderson, McCloud, and Peeples exhausted their administrative remedies to determine how, and to whom, the single filing rule would be applied, if appropriate."  *Peeples v. City of Detroit*, 891 F.3d 622, 630-31 (6th Cir. 2018).

[5] The EEOC also asserts in response that Mr. Alvarez "alleged discriminatory hiring practices . . . on a continuing basis."  (Response, PageID 16.)  Mr. Alvarez did not allege anything on a continuing basis; he did not even check the "continuing action" box.  (*See* Exhibit 1, p.1; Defendants' Brief, PageID 5.)  As for his alleged discrimination, as stated in the Charge, it was due to his discharge and "because of his National origin (Hispanic)."  (*Id.*)

on Race. "Because Defendants' practices of race discrimination occurred over several years and overlap with Alvarez's discrimination claims," the EEOC argues, "the Black class members are entitled to 'piggyback' on Alvarez's timely charge." (Response, PageID 17.) National Origin discrimination and Race discrimination are not so similar such that the second can piggyback on the first. The Sixth Circuit, to be sure, has expressly rejected piggybacking Race claims on National Origin claims. "While there may be overlap between the concepts of race and national origin themselves," explained the Sixth Circuit, "there is no case law to support the application of the single filing rule between the two distinct groups." *Peeples v. City of Detroit*, 891 F.3d 622, 633 (6th Cir. 2018). "Therefore," the Sixth Circuit affirmed, "we find that the remaining Plaintiffs," the race discrimination plaintiffs, "are unable to piggyback on Plaintiff Rivera's charge," which charged national origin discrimination. *Id*. Even if the single-filing rule were somehow applicable to this case, the Sixth Circuit has already rejected the EEOC's proposed application of it. One cannot piggyback Race claims on National Origin claims.

    **F.**    **Section 709(c) does not give rise to the cause of action now argued by the EEOC.**

Section 709(c) does not give rise to an "unlawful employment practice" claim, like the EEOC argues (*see* Response, PageID 17) but still has not pleaded. Section 709(c) provides only for equitable relief and, by Section 709(c)'s plain terms, that equitable relief is specific to complying with Section 709(c). Courts that have analyzed this issue have reached the same conclusion. *See, e.g., E.E.O.C. v. Mavis Disc. Tire, Inc.*, 129 F. Supp. 3d 90, 116 (S.D.N.Y. 2015) ("No monetary sanctions are provided for violations of Section 709(c) . . . the only relief available is equitable in nature.") (citing *E.E.O.C. v. AutoZone, Inc.*, 2008 WL 4418160, at *6, n.14 (D. Ariz. Sept. 29, 2008)). The EEOC disputes this but does not cite any contrary analysis

from any court.[6] It, instead, cites to and relies on its own regulations. (*See* Response, PageID 17-18.) It is well established that regulations do not re-write statutes.

"The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law . . . ." *Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue*, 297 U.S. 129, 134 (1936). "It is axiomatic that a regulation cannot expand the scope of the statute under which it is promulgated." *Grupo Indus. Camesa v. United States*, 85 F.3d 1577, 1579 (Fed. Cir. 1996). Here, the EEOC cannot re-write Section 709(c) by relying on its own regulations. The EEOC's reliance on its own regulations (and not the plain language of Section 709(c)) is improper and should be disregarded. *See, e.g.*, *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005) ("[W]e do not rely on the Department of Education's regulation at all, because the statute *itself* contains the necessary prohibition." (emphasis in original)).

### G. No court in this district has agreed with the EEOC's interpretation of Section 709(c).

The EEOC's reliance on *Autozone* and *Cleveland Construction* is misplaced. Neither *Autozone* nor *Cleveland Construction* analyze the scope of Section 709(c), and the issues raised in this Motion were not raised in either case. In both *Autozone* and *Cleveland Construction*, the defendant challenged only whether a violation had occurred.[7] No defendant challenged—and

---

[6] The EEOC cites *Favors* and *Lombard* but provides no analysis from either. (Response, PageID 18.) This is because neither case has anything to do with this case, much less this Motion. Neither case addresses whether or to what extent a claim or cause of action exists under Section 709(c). Both cases deal with evidence preservation issues in private litigation and, in turn, evidentiary presumptions. *See Favors*, 13 F.3d at 1239 (discussing a presumption regarding destroyed documents); *Lombard*, 13 F. Supp. 2d at 629 (discussing whether documents would have bolstered the plaintiff's case).

[7] *See E.E.O.C. v. Autozone, Inc.*, 2006 WL 2524093, at *9 (W.D. Tenn. Aug. 29, 2006) (finding genuine issue of material fact with respect to the defendant's assertion that "the EEOC has

neither court analyzed—whether or to what extent a claim or cause of action exists under Section 709(c). The EEOC likewise does not identify any such analysis. The courts that have analyzed this side with Defendants and, as explained above, the EEOC does not cite any contrary analysis from any court.

### H. Notwithstanding, the EEOC has not pleaded a plausible record-keeping violation.

Under Section 709(c), there is no obligation to maintain anything **in a specified format**. That is what the Complain pleads, that Defendants did not maintain "paper" applications or "paper" copies. On this point, *Cleveland Construction* is instructive, which is why Defendants cite it in their Brief. (*See* Defendants' Brief, p.14, n.13.) In *Cleveland Construction*, the defendant's motion for summary judgment was denied because the "[paper] pads were the only record of those applicants who were not hired to work." *E.E.O.C. v. Cleveland Const.*, 2006 WL 1806042, at *5 (W.D. Tenn. June 29, 2006) (alteration added). Here, the EEOC literally pleads that Defendants upload documents and information to a cloud-based system. (Complaint, ¶¶ 36-37.) Section 709(c) does not then require Defendants to maintain any "paper" application nor "paper" copy, as the EEOC pleads. There is no obligation to maintain anything in a specified format. Regardless of whether it is a stand-alone count or cause of action, the EEOC's claimed "record keeping violation" is not a plausible violation. It does not prevent dismissal of this lawsuit.

### III. CONCLUSION

Defendants respectfully request that the Court grant this Motion and dismiss this lawsuit

---

produced no evidence to support its record keeping allegations"); *see also E.E.O.C. v. Cleveland Const.*, 2006 WL 1806042, at *5 (W.D. Tenn. June 29, 2006) ("[T]here is a genuine issue of material fact about the EEOC's claim that CCI violated Title VII's record-keeping requirements.").

with prejudice. Defendants request any additional relief the Court deems warranted under the circumstances.

Respectfully submitted, this, the 23rd day of January, 2023.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This, the 23rd day of January, 2023.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**