# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUPREME STAFFING LLC; BETTER ) <br> PLACEMENTS PERSONNEL LLC; AND ) <br> INSPIRE HOTEL STAFFING, LLC, ) <br> ) <br>    Defendants. ) | Civil Action No.2:22-cv-02668-SHL-tmp <br><br> JURY DEMAND |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

<br><br>

**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

I.     INTRODUCTION .................................................................................................................. 1

II.    LEGAL STANDARDS ............................................................................................................ 1

III.   THE CHARGE OF DISCRIMINATION & THE AMENDED COMPLAINT ....................................... 3

       A.   Mr. Alvarez, a Hispanic Male, filed a charge of discrimination against
            Supreme Staffing for National Origin discrimination and retaliation ....................... 3

       B.   No charge of Race discrimination was ever filed against any Defendant .................... 4

       C.   Defendants were never notified about an investigation into individuals
            charging Race discrimination ..................................................................................... 5

       D.   The EEOC filed this lawsuit on behalf of individuals charging Race
            discrimination .............................................................................................................. 6

IV.    ARGUMENTS & AUTHORITIES .............................................................................................. 7

       A.   Counts I and II should be dismissed with prejudice because they
            contain no timely allegation of discrimination ........................................................... 7

            1.   The filing of this lawsuit sets the limitations period .................................. 7

            2.   Neither Count I nor Count II is based on an allegedly
                 discriminatory act within the limitations period ...................................... 10

            3.   Nothing about the nature of this action alters the statute
                 of limitations nor whether it applies ......................................................... 12

       B.   Count III, the "record keeping violation," is not plausibly pleaded and does not save
            Counts I and II (nor this lawsuit) from dismissal ..................................................... 13

V.     CONCLUSION ..................................................................................................................... 16

VI.    CERTIFICATE OF SERVICE .................................................................................................. 16

# **TABLE OF AUTHORITIES**

Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................... 1, 2

*Begala v. PNC Bank, Ohio, Nat. Ass'n*,
   214 F.3d 776 (6th Cir. 2000) ........................................................................................... 2

*Buck v. Thomas M. Cooley Law School*,
   597 F.3d 812 (6th Cir. 2010) ........................................................................................... 2

*Creelgroup, Inc. v. NGS Am., Inc.*,
   518 F. App'x 343 (6th Cir. 2013) .................................................................................... 9

*Croushorn v. Bd. of Trustees of Univ. of Tenn.*,
   518 F. Supp. 9 (M.D. Tenn. 1980) .................................................................................. 8

*DirecTV, Inc. v. Treesh*,
   487 F.3d 471 (6th Cir. 2007) ........................................................................................... 2

*E.E.O.C. v. A'GACI, LLC*,
   84 F. Supp. 3d 542 (W.D. Tex. 2015) ............................................................................. 8

*E.E.O.C. v. AT&T Techs.*, Inc.,
   1987 WL 26142 (N.D. Ill. Dec. 1, 1987) ...................................................................... 12

*E.E.O.C. v. AutoZone, Inc.*,
   2008 WL 4418160, n.14 (D. Ariz. Sept. 29, 2008) ....................................................... 14

*E.E.O.C. v. Burlington Med. Supplies, Inc.*,
   536 F. Supp. 2d 647 (E.D. Va. 2008) ............................................................................ 13

*E.E.O.C. v. Cleveland Const.*,
   2006 WL 1806042 (W.D. Tenn. June 29, 2006) ........................................................... 15

*E.E.O.C. v. Freeman*,
   2010 WL 1728847 (D. Md. Apr. 27, 2010) ................................................................... 13

*E.E.O.C. v. Mavis Disc. Tire, Inc.*,
   129 F. Supp. 3d 90 (S.D.N.Y. 2015) ............................................................................. 14

*E.E.O.C. v. Shell Oil Co.*,
   466 U.S. 54 (1984) .................................................................................................... 9, 10

*E.E.O.C. v. USF Holland, LLC*,
  2021 WL 4497490 (N.D. Miss. Sept. 30, 2021) .................................................................. 13

*E.E.O.C. v. Freeman*,
  2011 WL 337339 (D. Md. Jan. 31, 2011) ......................................................................... 10

*E.E.O.C. v. Princeton Healthcare System*,
  2012 WL 5185030 (D. N.J. Oct. 18, 2012) ....................................................................... 10

*El–Zabet v. Nissan N. Am., Inc.*,
  211 F. App'x 460 (6th Cir. 2006) ....................................................................................... 11

*Griffin v. Dugger*,
  823 F.2d 1476 (11th Cir. 1987) ......................................................................................... 12

*Jackson v. Birmingham Bd. of Educ.*,
  544 U.S. 167 (2005) ........................................................................................................... 13

*Logan v. MGM Grand Detroit Casino*,
  939 F.3d 824 (6th Cir. 2019) ............................................................................................. 11

*Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue*,
  297 U.S. 129 (1936) ........................................................................................................... 13

*Spence v. Loc. 1250, United Auto Workers of Am.*,
  595 F. Supp. 6 (N.D. Ohio 1984) ......................................................................................... 8

*Weiner v. Klais and Co., Inc.*,
  108 F.3d 86 (6th Cir. 1997) ................................................................................................. 2

Statutes

42 U.S.C. § 2000e-5(b) ............................................................................................................. 5
42 U.S.C. § 2000e-5(e) ....................................................................................................... 7, 11
42 U.S.C. §§ 2000e-5(d) ......................................................................................................... 11
42 U.S.C. § 2000e-8(c) ........................................................................................................... 14

Rules

Federal Rule of Civil Procedure 8 ............................................................................................ 2
Federal Rule of Civil Procedure 12 ..................................................................................... 1, 2

Regulations

29 C.F.R. § 1602.14 ................................................................................................................ 13
29 C.F.R. § 1602.12 ................................................................................................................ 14

4874-7719-5870

I.   INTRODUCTION

Francisco Alvarez previously worked for Supreme Staffing.[1]  On April 11, 2019, Mr. Alvarez, a Hispanic Male, filed a charge of discrimination against Supreme Staffing and alleged Title VII National Origin discrimination and retaliation ("the Charge").  The Charge is attached to this Motion as Exhibit 1.  It is the only charge of discrimination identified in the Amended Complaint.  (*See, e.g.*, Amended Complaint, Doc. 41, ¶ 11.)  But this lawsuit makes no claim on Mr. Alvarez's behalf and seeks no relief on his behalf, not in whole or in part.  This lawsuit, instead, alleges Title VII Race discrimination (Black/African American) against all Defendants.[2]  This lawsuit does so on behalf of individuals identified for the first time in the Complaint.  None of these individuals ever filed a charge of discrimination against any Defendant, much less one for Race discrimination.  The EEOC never notified any Defendant about any investigation into their Race-based claims nor that any investigation was underway with regard to their (or anyone else's) Race-based claims.  Nevertheless, those Race-based claims comprise Counts I and II.

The Race-based claims comprising Counts I and II do not come within Title VII's statute of limitations.  The Counts are time-barred and should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  Count III, the EEOC's newly added recordkeeping count, is not a plausible claim and should likewise be dismissed with prejudice.

II.  LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[1] Defendant Supreme Staffing LLC.

[2] Supreme Staffing, as well as Defendant Better Placements Personnel LLC, and Defendant Inspire Hotel Staffing LLC.

on its face." *Id*. Courts may apply this standard liberally, but "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."[3] *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 779 (6th Cir. 2000). A plaintiff, therefore, must allege material facts to support recovery under some viable legal theory. *Id*.

When applying this standard, courts must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). Courts may also take note of documents that a defendant attaches to a motion to dismiss as part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim. *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (adopting position that district courts can rely on documents offered by a defendant if they are "pertinent" to a plaintiff's complaint; "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied.").

Ultimately, "where the well-plead facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679. (quoting Fed. R. Civ. P. 8(a)(2)). In such cases, like in this case, a court should grant the Rule 12(b)(6) motion.

---

[3] Two examples of pleaded legal conclusions are: (1) that Defendants are and operated "as a single employer or integrated enterprise, or both" (*see, e.g.*, Amended Complaint, ¶ 10); and (2) that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled (*id.*, ¶ 18).

### III. THE CHARGE OF DISCRIMINATION & THE AMENDED COMPLAINT

#### A. Mr. Alvarez, a Hispanic Male, filed a charge of discrimination against Supreme Staffing for National Origin discrimination and retaliation.

Mr. Alvarez previously worked for Supreme Staffing, "a staffing agency." (Amended Complaint, ¶ 4.) On April 11, 2019, Mr. Alvarez filed the Charge and named Supreme Staffing:

| Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.) | | |
|---|---|---|
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| SUPREME STAFFING | 15 - 100 | (901) 425-5546 |

(*See* Charge, Exhibit 1, p.1.)  In the Charge, Mr. Alvarez, a Hispanic Male,[4] alleged discrimination based on his National Origin and retaliation:

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

(*See id.*) He alleged this discrimination and retaliation to have taken place between July 1, 2018, and March 22, 2019:

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-01-2018   Latest: 03-22-2019
[ ] CONTINUING ACTION

(*See id.*) Mr. Alvarez did not allege his (or any) discrimination to be occurring on a continuing basis; he did not check that box. As for the details of his discrimination and retaliation, Mr. Alvarez wrote the following:

> I was hired in February 2018, as an Account Supervisor. In January 2019, I was removed from the On-Site Supervisor position at the Barrett Distributions Center because I complained of race discrimination. On March 22, 2019, I was discharged. I am aware that Black job applicants were turned away from seeking employment and the open jobs were given to Hispanics. I believe I was discriminated against because of my National Origin (Hispanic) and retaliated against for my complaints, in violation of Title VII of the Civil Rights Act of 1964, as amended.

---

[4] *See, e.g.*, Amended Complaint, ¶ 29.

(*See id*.)  For context, Barrett Distributions Center is one of Supreme Staffing's clients. (Amended Complaint, ¶ 33.)  The Charge did not say to whom Mr. Alvarez made any alleged complaint nor the details of it, like to where "job applicants" were applying or for what positions. Mr. Alvarez, in fact, would never provide these details.  He never amended nor supplemented the Charge, and the Amended Complaint does not allege otherwise.

As for Better Placements and Inspire, Mr. Alvarez never filed a charge against either of them.  The Amended Complaint does not allege otherwise.  Mr. Alvarez also never filed a charge against "Defendant Employers," as pleaded in the Amended Complaint.  (Amended Complaint, ¶ 11.)  The only charge referenced in the Amended Complaint—Charge No. 490-2019-00801—is the Charge attached to this Motion as Exhibit 1.  It is the Charge against Supreme Staffing. There is no charge against "Defendant Employers."  It does not exist.  The Amended Complaint, moreover, does not allege there to be an additional charge, and it does not provide a charge number for one.

There is much more to say about Mr. Alvarez's Charge and, for example, why Mr. Alvarez was terminated from Supreme Staffing.  He tried to steal accounts and take employees to a competitor, but none of that is relevant to this lawsuit.  This lawsuit, moreover, makes no claim on Mr. Alvarez's behalf, and it seeks no relief on his behalf, not in whole or in part.  Mr. Alvarez is not even mentioned in the Amended Complaint's catch-all "prayer for relief."  (*See* Amended Complaint, pp. 13-14.)  This lawsuit is not about Mr. Alvarez or his Charge.  It is about an entirely separate group of individuals.  Those individuals never filed a charge of discrimination.

**B.     No charge of Race discrimination was ever filed against any Defendant.**

No charge of Race discrimination has been filed against any Defendant, and the Amended Complaint does not allege otherwise.  The only charge identified in the Amended

Page **4** of **16**

Complaint is the Charge filed by Mr. Alvarez. It did not charge Supreme Staffing with Race discrimination. No one identified in the Amended Complaint (*see, e.g.*, Amended Complaint, pp. 8-11) has ever charged Supreme Staffing with Race discrimination. None of them ever filed a charge of discrimination at all, much less a charge of Race discrimination, and the Amended Complaint does not allege otherwise. The same is true for the EEOC and its commissioners. No commissioner ever filed a commissioner charge against any Defendant, much less a charge of Race discrimination.[5] No charge of Race discrimination, to be clear, has been filed against any Defendant, and the Amended Complaint does not allege otherwise.

### C.     Defendants were never notified about an investigation into individuals charging Race discrimination.

The EEOC never notified Defendants—any Defendant—of an investigation into any individual charging Race discrimination. The Amended Complaint does not say when any such investigation began. But, at some point, the EEOC began investigating a charge (or charges) of Race discrimination and the Race-based allegations of the individuals identified in the Amended Complaint: Treron Gipson (Amended Complaint, ¶ 42); Miesha Williams (*id*.); Tyrus Braddox (*id*.); Ashley Boyd (*id*.); Jerry Cummings (*id*., ¶ 66); and Keadrian Braxton (*id*.). None of these individuals, as explained, ever filed a charge of discrimination against any Defendant, and no charge of discrimination was ever filed on their behalf. The EEOC likewise never notified any Defendant about these individuals, nor that an investigation was underway with regard to their Race-based claims. The Amended Complaint does not allege otherwise.

---

[5] A "commissioner charge" is a charge filed by an EEOC commissioner. Congress, in enacting and later amending Title VII, has authorized the EEOC to investigate charges of discrimination filed by individuals "or by a member of the [Equal Employment Opportunity] Commission." *See* 42 U.S.C. § 2000e-5(b) (alteration added); *see also Commissioner Charges and Directed Investigations*, Equal Employment Opportunity Commission, https://www.eeoc.gov/commissioner-charges-and-directed-investigations (last visited April 19, 2023).

### D. The EEOC filed this lawsuit on behalf of individuals charging Race discrimination.

On September 29, 2022, the EEOC filed this lawsuit, with the EEOC filing an Amended Complaint on April 6, 2023. This lawsuit, as explained, brings no claim and seeks no relief on behalf of Mr. Alvarez. It, instead, alleges Race discrimination on behalf of the individuals identified in the Amended Complaint, all of whom are identified as Black:

- Treron Gipson, the Amended Complaint alleges, sought employment in 2019 and June 2020, but was never called back by a recruiter. (Amended Complaint, ¶¶ 42-45.)

- Miesha Williams, the Amended Complaint alleges, sought employment in December 2020, but she was not selected nor subsequently placed with a client. (*Id*., ¶¶ 47-50.)

- Tyrus Braddox, the Amended Complaint alleges, applied to be a forklift operator in 2019, but was told there were no current openings. (*Id*., ¶¶ 51-52.)

- Ashley Boyd, the Amended Complaint alleges, applied for employment, but no date for that application is provided. She was not hired, according to the Amended Complaint. (*Id*., ¶ 55.)

- Jerry Cummings, the Amended Complaint alleges, applied for employment and was hired, but placed "in a lower-paying job in poor conditions." (*Id*., ¶ 67.) No date is pleaded with respect to Mr. Cummings.

- Keadrian Braxton, the Amended Complaint alleges, applied for employment and was hired. He, according to the Amended Complaint, wanted a $15-hour "forklift operator position," but was assigned "to a job working in a warehouse that paid $10.00 per hour." (*Id*., ¶¶ 68-69.) No date is pleaded with respect to Mr. Braxton.

Against this backdrop, this lawsuit contains two counts of Race discrimination. Count I encompasses the "failure to hire/place" allegations of Mr. Gipson, Ms. Williams, Mr. Braddox, and Ms. Boyd. (*See* Amended Complaint, pp. 5-10.) Count II encompasses the "lesser assignment" allegations of Mr. Cummings and Ms. Braxton. (*See* Amended Complaint, pp. 11-12.) Both Counts are barred by the statute of limitations and should be dismissed with prejudice.

### IV.  ARGUMENTS & AUTHORITIES

The EEOC, at some point, began investigating a charge (or charges) of Race discrimination and identified one (or some) of the individuals in the Amended Complaint. The EEOC then expanded the scope of that investigation to include all of the individuals in the Amended Complaint and a purported class. The Amended Complaint does not speak to any of this, but it does identify the individuals and their Race-discrimination claims. Those claims comprise Counts I and II. None of the claims, however, come within Title VII's statute of limitations. Counts I and II are therefore time-barred and should be dismissed with prejudice.

### A.  Counts I and II should be dismissed with prejudice because they contain no timely allegation of discrimination.

#### 1.  The filing of this lawsuit sets the limitations period.

Title VII, by its plain language, has a 180-day statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1). This statute of limitations, although forward looking, is practically applied as a "look back" period. Taking a filing date, one looks back 180 days. For Mr. Alvarez, that filing date was the day he filed the Charge, April 11, 2019. Were his claims before the Court, that filing date would set the limitations period. But neither his National Origin discrimination claim nor his retaliation claim is before the Court. There, as mentioned, is no claim on behalf of Mr. Alvarez; this lawsuit is not about him at all. It is about an entirely separate group of individuals.

This separate group of individuals—the group of individuals now identified in the Amended Complaint—never filed a charge of discrimination, much less one for Race discrimination. The Amended Complaint does not allege otherwise. But it does *suggest* otherwise; it suggests the new individuals can borrow Mr. Alvarez's Charge and substitute it for their own. This suggestion is implausible. To start, Mr. Alvarez filed his Charge against Supreme Staffing (*see* Charge, p.1), not Defendant Employers, like the Amended Complaint

alleges (*see* Amended Complaint, ¶ 11). Mr. Alvarez also did not generally allege "violations of Title VII," like the Amended Complaint states. (*Compare* Charge, p.1 *with* Amended Complaint, ¶ 11.) Mr. Alvarez alleged (or, to use the statutory verb, he charged) National Origin discrimination and retaliation. (Charge, p.1.) He did not charge Race discrimination. He said he "complained of race discrimination." (*Id*.) But he did not charge it. What he charged is relevant; what he supposedly complained of is not. "[T]he Court agrees with [the employer] that whether or not [it] actually engaged in unlawful employment practices is irrelevant to [the employee's] charge of retaliation." *E.E.O.C. v. A'GACI, LLC*, 84 F. Supp. 3d 542, 552 (W.D. Tex. 2015) (alterations added). In fact, when investigating a charge of retaliation, the EEOC does not even consider the validity or truthfulness of the employee's complaint.[6] Courts likewise do not consider the validity or truthfulness of the employee's complaint.[7] Mr. Alvarez's alleged complaint is not relevant. What he charged is relevant. He charged Supreme Staffing with National Origin discrimination and retaliation. He did not charge Supreme Staffing (nor any Defendant) with Race discrimination. His Charge, therefore, cannot plausibly substitute for a charge filed by one, some, or all of the individuals now identified in the Amended Complaint. Those individuals never filed a charge of discrimination, much less a charge of Race

---

[6] "[R]egardless of the validity or reasonableness of the original allegation of discrimination," the EEOC makes clear in its Compliance Manual, "[a]n individual is protected against retaliation for participation in the charge process." "An individual," the EEOC continues, "need not establish a violation of the underlying statute to be afforded protection from retaliation." *See* EEOC Compliance Manual, § 2-II at 5, https://www.eeoc.gov/laws/guidance/section-2-threshold-issues#2-II-A-5 (last accessed December 5, 2022).

[7] *See, e.g.*, *Spence v. Loc. 1250, United Auto Workers of Am.*, 595 F. Supp. 6, 10 (N.D. Ohio 1984) ("[T]he factual truth of the employee's accusation which inspired the reprisal is immaterial. . . . It is no defense that the employee's accusation was factually incorrect."); *Croushorn v. Bd. of Trustees of Univ. of Tenn.*, 518 F. Supp. 9, 21 (M.D. Tenn. 1980) ("[A]n employee need not establish the validity of his original claim to establish a charge of employer retaliation . . . .").

discrimination, and they cannot substitute Mr. Alvarez's Charge for their own. Any suggestion to that effect is implausible.[8]

The filing of a charge, to be sure, is critically important. It notifies the charged employer of the asserted violation. Indeed, when Congress amended Title VII in 1972, it specifically required that employers be so notified and given "fair notice of the existence and nature of the charges against them." *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 77 (1984). Prior to 1972, the Supreme Court has explained, the EEOC "had become prone to postponing" notice to employers "until it was ready to begin an investigation." *Id*. at 74-75. "In response to complaints regarding the unfairness of this practice," the Supreme Court continued, Congress amended Title VII not only to reiterate the charge-filing process, but also to adopt "the present requirement that notice be given [by the EEOC] to an accused employer within 10 days of the filing of the charge." *Id*. at 75 (alteration added). But, here, no such charge was ever filed. The Amended Complaint does not allege otherwise.

In the absence of a filed charge, courts look to the date on which the EEOC notified the employer of the charges against it. The reason for this lies at the heart of the 1972 amendments to Title VII. Congress, again, was responding to complaints that the EEOC "had become prone to postponing" notice to employers of the charges against them. *Id*. at 74. That notice, Congress believed, was critical because it: (i) provided employers "fair notice that accusations of discrimination have been leveled against them;" (ii) helped ensure "that fairness and due process are part of the enforcement scheme;" and (iii) protected "the rights of the respondent

---

[8] The EEOC cannot re-write Mr. Alvarez's Charge with this lawsuit. *See, e.g.*, *Creelgroup, Inc. v. NGS Am., Inc.*, 518 F. App'x 343, 347 (6th Cir. 2013) (internal quotation marks omitted) (affirming that a party cannot plead its way around the substance of a document or written instrument properly before the district court).

[employers]." *Id*. at 90 (O'Connor, J., concurring in part) (alteration added). "Experience teaches," Justice O'Connor went on to explain, "that government administrative agency investigations can be prone to abuse." *Id*. Investigations, the Justice continued, "are likely to be conducted more reasonably, more carefully, and more fairly, when the concerned parties are adequately notified of the causes of the investigation that are in progress." *Id*. Accordingly, in the absence of a filed charge of discrimination, courts look to the date on which the EEOC notified the employer of the charges against it. *See, e.g.*, *EEOC v. Princeton Healthcare System*, 2012 WL 5185030, at *5 (D. N.J. Oct. 18, 2012) (collecting cases and agreeing with courts that for limitations purposes the "filing" date was the date "on which the EEOC notified defendants that it was expanding its investigation to encompass the additional charges"); *see also EEOC v. Freeman*, 2011 WL 337339, at *1 (D. Md. Jan. 31, 2011) (the "filing" date was the date on which the EEOC notified the defendant that it was expanding its investigation to encompass the new charges).

In this case, the EEOC never notified Defendants—any Defendant—of an investigation (or expanded investigation) into any individual charging Race discrimination, and it never notified Defendants—any Defendant—of an investigation into any of the individuals identified in the Amended Complaint. The Amended Complaint does not allege otherwise. Notice of both came when the EEOC filed this lawsuit. The filing of this lawsuit, therefore, sets the limitations period.

> **2.      Neither Count I nor Count II is based on an allegedly discriminatory act within the limitations period.**

No allegedly discriminatory act, as pleaded in the Amended Complaint's two Counts, comes within Title VII's 180-day statute of limitations. Applying the 180-day limitations period begins with the date on which this lawsuit was filed, as explained above. This lawsuit was filed

on September 29, 2022. (*See* Doc. 1, Complaint, p.1.) Looking back 180 days sets April 2, 2022, as the outer limit of the limitations period. Here, to be timely pleaded, an allegedly discriminatory act must have occurred after April 2, 2022. Anything alleged to have occurred before April 2, 2022, is time-barred and fails to state a claim upon which relief can be granted.

For Count I and Count II, the Amended Complaint does not plead an allegedly discriminatory act after April 2, 2022. The most recent act occurred in "December 2020," per the Amended Complaint, with respect to Ms. Williams. (Amended Complaint, ¶ 47.) Having occurred before April 2, 2022, this "December 2020" act is time-barred, as are the earlier acts pleaded in the Amended Complaint. The Amended Complaint, on the whole, does not otherwise plead an allegedly discriminatory act to have occurred within the statutory period. Counts I and II contain no timely allegation of discrimination. Both Counts are time-barred and should be dismissed with prejudice.

Though Title VII's 180-day statute of limitations can be extended to 300 days in deferral jurisdictions, that extended period does not apply in this case. A deferral jurisdiction is one in which a state or local law prohibits a discriminatory employment practice, and a state or local agency has authority to grant or seek relief from such practice. *See* 42 U.S.C. §§ 2000e-5(d), (e). In a deferral jurisdiction, like Tennessee, the 300-day limitation period applies if a filing is made with the state agency, or contemporaneously with the state agency and the EEOC.[9] In this case, none of the individuals filed with any state agency, nor did they contemporaneously file with a state agency and the EEOC. None of the individuals filed anything at all, and the Amended

---

[9] Tennessee is a deferral jurisdiction given the Tennessee Human Rights Act and the Tennessee Human Rights Commission. *See also El–Zabet v. Nissan N. Am., Inc.*, 211 F. App'x 460, 463 (6th Cir. 2006) (discussing the issue in Tennessee); *accord Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 827 (6th Cir. 2019) (discussing the issue in Michigan, which is also a deferral jurisdiction).

Complaint does not allege otherwise. Accordingly, the extended 300-day period does not apply to this case. Title VII's 180-day period applies. Applying that period, the Amended Complaint, on the whole, does not plead an allegedly discriminatory act to have occurred within the 180-day period. Counts I and II contain no timely allegation of discrimination. Both Counts are time-barred and should be dismissed with prejudice.[10]

Finally, the result is the same with the Letter of Determination, which the EEOC now pleads as having "notified Defendant Employers" of the EEOC's findings. (*See* Amended Complaint, ¶ 14.) The EEOC's use of "notified" conflates pre-suit "notice" as it relates to the exhaustion of pre-suit requirements, which this Motion is not about, with "notice" as it relates to the setting of the limitations period, which this Motion is about. Notwithstanding, as pleaded, this is a distinction without a difference. The Letter is dated "July 7, 2022." (*Id.*, ¶ 13.) That sets January 8, 2022, as the outer date of a 180-day look-back period. The Amended Complaint's most recent discriminatory act, December 2020, occurred more than one year before this date. Counts I and II remain time-barred and should be dismissed with prejudice.

### 3. Nothing about the nature of this action alters the statute of limitations nor whether it applies.

That the EEOC filed this lawsuit, as opposed to a private litigant, does not alter the statute of limitations nor whether it applies. The EEOC has filed this lawsuit under Section 706 of Title VII. (*See, e.g.*, Amended Complaint, ¶ 1.) "Nothing in the text of Section 706," one of the most cited cases on the subject made clear, "suggests that the EEOC can recover for

---

[10] *See also E.E.O.C. v. AT&T Techs.*, Inc., 1987 WL 26142, at *2 (N.D. Ill. Dec. 1, 1987) ("At the outset, the court also notes that at least one named plaintiff must timely file an EEOC charge in order to meet the Title VII precondition for the class.") (citing *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) ("Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.")).

individuals whose claims are otherwise time-barred." *E.E.O.C. v. Freeman*, 2010 WL 1728847, at *4 (D. Md. Apr. 27, 2010); *accord E.E.O.C. v. USF Holland, LLC*, 2021 WL 4497490, at *1 (N.D. Miss. Sept. 30, 2021) (citing *Freeman*); *see also E.E.O.C. v. Burlington Med. Supplies, Inc.*, 536 F. Supp. 2d 647, 658-59 (E.D. Va. 2008) (The "EEOC's special statutory mandate does not entitle it to expand substantive rights, such as reviving stale claims that would not otherwise be actionable under Title VII . . . ."). "If Congress intended to make an exception for the EEOC to revive stale claims under Sections 706," the *Freeman* court continued, "it should have said so." *Freeman*, 2010 WL 1728847, at *4. Congress did not and no exception exists. That the EEOC filed this lawsuit, as opposed to a private litigant, does not alter the statute of limitations nor whether it applies. Counts I and II are barred by the statute of limitations. For this reason, this lawsuit should be dismissed with prejudice.

> **B. Count III, the "record keeping violation," is not plausibly pleaded and does not save Counts I and II (nor this lawsuit) from dismissal.**

Count III summarizes an alleged "record keeping violation" based on Section 2000e-8. (*See, e.g.*, Amended Complaint, pp.12-13.) Section 2000e-8 is also known as (and more easily referred to as) Section 709. The EEOC alleges that "Defendant Employers have failed to preserve records relevant to the determination of whether unlawful employment practices have been or are being committed in violation of Title VII . . . ." (Amended Complaint, ¶ 74; *see also id.*, ¶ 81.) That is not what Section 709 contemplates.[11] There, in fact, is no Title VII

---

[11] The EEOC also cites its own regulation, 29 C.F.R. § 1602.14. (*See* Amended Complaint, ¶¶ 74, 80.) But the EEOC has no authority to bring suit on behalf of a regulation and certainly has no authority to substitute its own regulation for the plain language of Section 709. *See, e.g.*, *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005) ("[W]e do not rely on the Department of Education's regulation at all, because the statute *itself* contains the necessary prohibition." (emphasis in original)); *Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue*, 297 U.S. 129, 134 (1936) ("The power of an administrative officer or board to

"requirement, generally applicable to employers, that records be made or kept." *See* 29 CFR § 1602.12 ("Records to be made or kept."). Section 709, instead, is the Title VII subchapter for investigations, and Section 709(c) contains a preservation obligation specific to an investigation. *See* 42 U.S.C. § 2000e-8(c) ("Every employer . . . *subject to this subchapter*." (emphasis added)). Neither Section 709 nor Section 709(c) relate to all of Title VII, nor more generally to "the determination of whether unlawful employment practices have been or are being committed in violation of Title VII," as the EEOC contends. This contention is not supported by the plain language of Title VII; it is implausible.

The alleged violations, moreover, are not violations of Section 709.[12] As pleaded, the EEOC takes issue with whether Defendant Employers maintained "paper" applications (*see* Amended Complaint, ¶¶ 78-79 (". . . paper applications . . . Defendant Employers have not maintained those applications") and copies of so-called "Available Lists" (*id*., ¶ 77). But Defendant Employers are not required to maintain "paper" copies of anything nor, in general, information in a specific format. Even when Section 709 applies—which it does not in the way the EEOC has invoked it, but even when it does apply—there is no obligation to maintain

---

administer a federal statute and to prescribe rules and regulations to that end is not the power to make law . . . .").

[12] Even if there were a "violation" of Section 709(c), it does not entitle the EEOC to general relief. An employer cannot be "held liable" for violating Section 709(c), and Section 709(c) does not provide for monetary relief or sanctions. *See, e.g., E.E.O.C. v. Mavis Disc. Tire, Inc.*, 129 F. Supp. 3d 90, 116 (S.D.N.Y. 2015) ("No monetary sanctions are provided for violations of Section 709(c) . . . the only relief available is equitable in nature.") (citing *E.E.O.C. v. AutoZone, Inc.*, 2008 WL 4418160, at *6, n.14 (D. Ariz. Sept. 29, 2008)). That equitable relief, moreover, is limited to complying with Section 709(c). "If any person required to comply with the provisions of this subsection fails or refuses to do so," Section 709(c) states, "the United States district court for the district in which such person is found, resides, or transacts business, shall, upon application of the Commission . . . have jurisdiction to issue to such person an order requiring him to comply." *See* 42 U.S.C. § 2000e-8(c). That is the full scope of relief available under Section 709(c): an order requiring compliance. No further or different relief is available.

anything **in a specified format**.  Defendant Employers, the Amended Complaint avers, "use . . . a third-party **cloud-based software platform to . . . upload personnel documents and enter demographics** and contact information." (Amended Complaint, ¶ 38 (emphasis added).)  That information includes, the Amended Complaint continues, "[h]iring data," such as an "individual's hire date, race/ethnicity, name, and home address, assignment detail, client's name, start date, job title, and the individual's assigned worksite."  (*Id.*, ¶ 39.)  The EEOC literally pleads that Defendant Employers upload documents and information to a cloud-based system.  Section 709 does not then require Defendant Employers to maintain "paper" applications nor anything in a specified list or other format, as the EEOC claims.  There, again, is no obligation to maintain anything **in a specified format**.[13]   The EEOC's claimed "record keeping violation" is not a plausible violation.

As pleaded, the EEOC's reliance on Section 709 is misplaced.  Section 709, by its plain language, does not broadly apply to Title VII and, even when it does apply, it does not specify the format in which something should be maintained.  Count III is not plausibly pleaded, and Counts I and II are barred by the statute of limitations.  For these reasons, this lawsuit should be dismissed with prejudice.

V.   **CONCLUSION**

Based on the foregoing arguments and authorities, Defendants respectfully request that the Court grant this Motion and dismiss this lawsuit with prejudice.  Defendants request any additional relief the Court deems warranted under the circumstances.

Respectfully submitted, this, the 20th day of April, 2023.

---

[13] *Cf. E.E.O.C. v. Cleveland Const.*, 2006 WL 1806042, at *4 (W.D. Tenn. June 29, 2006) (analyzing Section 709(c) and noting the "paper" records to be significant because the "paper" pads "were the only record").

        *s/ Zachary B. Busey*
        **ZACHARY B. BUSEY**
        Tennessee Bar No. 29763
        zbusey@bakerdonelson.com

        **WHITNEY M. DOWDY**
        Tennessee Bar No. 24985
        wdowdy@bakerdonelson.com

        **MARY KATHERINE SMITH**
        Tennessee Bar No. 35328
        mkcampion@bakerdonelson.com

        **DEAN J. SHAUGER**
        Tennessee Bar No. 39746
        dshauger@bakerdonelson.com

        BAKER, DONELSON, BEARMAN,
          CALDWELL & BERKOWITZ, P.C.
        165 Madison Avenue, Suite 2000
        Memphis, Tennessee 38103
        (901) 526-2000 – telephone

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This, the 20th day of April, 2023.

        *s/ Zachary B. Busey*
        **ZACHARY B. BUSEY**