IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2:22-cv-02668-SHL-tmp ) ) |
| SUPREME STAFFING LLC, et al., | ) JURY DEMAND ) |
| Defendants. | ) ) |

**DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

In response to Plaintiff's Amended Complaint (Doc. 41), referred to herein as the Complaint, Defendants[1] respond to the specific allegations set forth in it. Except to the extent an allegation is expressly and unambiguously addressed below, Defendants deny each and every allegation of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever.

Defendants deny the factual allegations in the opening, un-numbered Paragraph of the Complaint. The remaining allegations in that Paragraph are statements of law, legal conclusions, or both to which no response is required. But to the extent any remaining allegation in the Paragraph purport to entitle Plaintiff to any relief whatsoever, Defendants deny it.

**JURISDICTION AND VENUE**

1.  The allegations in Paragraph 1 are statements of law, legal conclusions, or both to which no response is required. But to the extent any allegation in Paragraph 1 purports to entitle

---

[1] Defendant Supreme Staffing LLC, as well as Defendant Better Placements Personnel LLC, and Defendant Inspire Hotel Staffing LLC.

Plaintiff to any relief whatsoever, Defendants deny it. However, Defendants do not contest whether this Court has jurisdiction under Title 28, United States Code, Sections 1331 and 1345.

2. Denied; however, Defendants do not contest that venue is proper under Title 28, United States Code, Section 1391.

3. Defendants admit that Plaintiff filed this action under Section 706 of Title VII, but deny the remaining allegations in Paragraph 3.

4. Defendants admit that Defendant Supreme Staffing is a staffing agency and has continuously done business in the State of Tennessee and the City of Memphis and has had at least 15 employees, but deny the remaining allegations in Paragraph 4.

5. Defendants admit that Defendant Supreme Staffing is, and has continuously been, an employer. The remaining allegations in Paragraph 5 are statements of law, legal conclusions, or both to which no response is required. But to the extent any allegation in Paragraph 5 purports to entitle Plaintiff to any relief whatsoever, Defendants deny it.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied, including all subparts. Neither Defendant Inspire nor Defendant Better Placements operated nor even existed as legal entities at the time this lawsuit filed.

## ADMINISTRATIVE PROCESS

11. Defendants admit that, on April 11, 2019, Francisco Alvarez filed a Charge of Discrimination against Defendant Supreme, but deny the remaining allegations in Paragraph 11.

12. Denied.

13. Defendants admit that on July 7, 2022, the Acting Area Director sent a determination letter to Defendant Supreme Staffing, but deny the remaining allegations in Paragraph 13.

14. Defendants admit that the July 7, 2022 letter stated: "Since at least January 2018 to the present, Supreme engaged in a pattern or practice of discrimination against persons because of race (Black/African American) in recruiting, selections, referrals, placements, assignments, and hiring in violation of Title VII at its Memphis facilities," but deny the remaining allegations in Paragraph 14.

15. Denied.

16. Defendants are without knowledge as to what Plaintiff found "acceptable." Defendants, therefore, deny this allegation, as well as the remaining allegations in Paragraph 16.

17. Denied.

18. Denied.

## STATEMENT OF CLAIMS
## Count I

19. Denied.

20. Denied.

21. Defendants admit that Eduardo Sanchez Borja, a Hispanic male, owns Defendant Supreme Staffing, but deny the remaining allegations in Paragraph 21.

22. Denied.

23. Denied.

24. Defendants are without knowledge as to the identity of "client companies." Defendants, therefore, deny this allegation, as well as the remaining allegations in Paragraph 24.

25. Denied.

26. Denied.

27. The allegations in this Paragraph are based on a self-serving term of art defined in the Complaint but denied by Defendants. Defendants, therefore, deny the allegations in this Paragraph.

28. The allegations in this Paragraph are based on a self-serving term of art defined in the Complaint but denied by Defendants. Defendants, therefore, deny the allegations in this Paragraph.

29. Defendants admit that Francisco Alvarez, a Hispanic male, worked for Defendant Supreme Staffing, but deny the remaining allegations in Paragraph 29.

30. Defendants admit that Francisco Alvarez's employment was terminated from Defendant Supreme Staffing, but deny the remaining allegations in Paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendants admit that Defendant Supreme Staffing uses a third-party, could-based software known as TempWorks, but deny the remaining allegations in Paragraph 38.

39. Defendants are without knowledge as to what the EEOC claims to have received as data. Defendants, therefore, deny this allegation, as well as the remaining allegations in Paragraph 39.

40. Denied.

41. Denied.

42. Defendants are without knowledge as to the identity of any "Aggrieved Individuals," including whether Treron Gipson, Miesha Williams, Tyrus Braddox, and Ashley Boyd are included in the "group of Aggrieved Individuals." Defendants are also without knowledge as to either's claimed "experiences." Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 42.

43. Defendants are without knowledge as to where Mr. Gipson believes he visited or what he claims his experience to be. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 43.

44. Defendants are without knowledge as to when Mr. Gipson claims to have signed or with whom he completed an application. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 44.

45. Denied.

46. Denied.

47. Defendants are without knowledge as to where Ms. Williams claims to have visited. Defendants, therefore, deny this allegation, as well as the remaining allegations in Paragraph 47.

48. Defendants are without knowledge as to what Ms. Williams claims her experience to be. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 48.

49. Defendants are without knowledge as to what Ms. Williams claims to be the paperwork she completed, and with whom she allegedly spoke. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 49.

50. Denied.

51. Defendants are without knowledge as to where Mr. Braddox believes he applied for employment. Defendants, therefore, deny this allegation, as well as the remaining allegations in Paragraph 51.

52. Denied.

53. Defendants are without knowledge as to how Mr. Barddox knew anyone's qualification or what he believes he watched. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 53.

54. Denied.

55. Defendants are without knowledge as to where Ms. Boyd believes she applied, what she updated, or whether she submitted what she updated. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 55.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## Count II

63. Denied.

64. Denied.

65. Defendants incorporate their responses to all preceding Paragraphs.

4856-9868-8378

66. Defendants are without knowledge as to the identity of any "Aggrieved Individuals," including whether Jerry Cummings and Keadrian Braxton are included in the "group of Aggrieved Individuals." Defendants are also without knowledge as to either's claimed "experiences." Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 66.

67. Defendants are without knowledge as to what job, assignment, or role Mr. Cummings believes he was applying for and whom Mr. Cummings believes he observed. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 67.

68. Defendants are without knowledge as to where Mr. Braxton believes he applied for employment or with whom. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 68.

69. Denied.

70. Defendants are without knowledge as to what or whom Mr. Braxton believes he observed. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 70.

71. Denied.

72. Denied.

73. Denied.

## Count III

74. Denied.

75. The allegations in this Paragraph are based on a self-serving term of art defined in the Complaint but denied by Defendants. Defendants, therefore, deny the allegations in this

Paragraph.

76. The allegations in this Paragraph are based on a self-serving term of art defined in the Complaint but denied by Defendants. Defendants, therefore, deny the allegations in this Paragraph.

77. The allegations in this Paragraph are based on a self-serving term of art defined in the Complaint but denied by Defendants. Defendants, therefore, deny the allegations in this Paragraph.

78. Defendants are without knowledge as to where "Applicants" are applying or with whom. Defendants, therefore, deny those allegations, as well as the remaining allegations in Paragraph 78.

79. Defendants are without knowledge as to the identity of "those applications." Defendants, therefore, deny this allegation, as well as the remaining allegations in Paragraph 79.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## PRAYER FOR RELIEF

Defendants deny the allegations contained in the unnumbered Paragraph beginning, "Wherefore, the Commission requests," including all subparts thereto, and further deny that Plaintiff is entitled to any relief whatsoever.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

4856-9868-8378

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without prejudice or waiver of the foregoing, Defendants assert, rely on, and plead any defense to which Defendants may be entitled under any applicable federal, state, or local law or regulation, including the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, under the applicable statute(s) of limitations, or statute(s) of repose, or both.

### SECOND AFFIRMATIVE DEFENSE

The claims of any supposedly aggrieved individual are barred, in whole or in part, from this venue, forum, and the Court's jurisdiction because they are subject to arbitration.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because Plaintiff (or a supposedly aggrieved individual) failed to comply with the enforcement provisions of Title VII, including without limitation 42 U.S.C. § 2000e-5(e), including a failure to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because Plaintiff failed to fulfill and exhaust all conditions precedent to maintaining such claims, including providing any Defendant with sufficient pre-suit notice.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicata, unclean hands, or any combination thereof.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because alleged damages, if any, were proximately caused by an independent intervening cause over which Simplot had no control nor right to control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because alleged damages, if any, are the result of Plaintiff's (or a supposedly aggrieved individual's) own actions or inactions, or the actions or inactions of third parties, such actions or inactions being the sole proximate cause of alleged damages or, in the alternative, a contributing cause of such alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because Plaintiff (or a supposedly aggrieved individual) failed to appropriately mitigate alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because liability cannot attach for acts by any employee committed outside the course or scope of that employee's employment.

### TENTH AFFIRMATIVE DEFENSE

No supposedly aggrieved individual is so similarly situated to any other supposedly aggrieved individual such that any cognizable class or group-wide relief can be formed, recognized, or awarded.

*********************

### ELEVENTH AFFIRMATIVE DEFENSE

The claims of the supposedly aggrieved individuals are so dissimilar that the joinder of any supposedly similarly situated individual would constitute the misjoinder of a party pursuant to Federal Rule of Civil Procedure 21.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, by the statutory caps contained in the relevant statutes, the statutes under which Plaintiff (or any supposedly aggrieved individual) seeks relief, or both.

### THIRTEENTH AFFIRMATIVE DEFENSE

Under the circumstances of this case, any award of punitive damages is barred by, or may violate, the United States Constitution, the Constitution of an applicable State, such as Tennessee, as well as any applicable state or federal law.

### FOURTEENTH AFFIRMATIVE DEFENSE

In the event any Defendant discovers or otherwise learns of evidence to which the "after acquired evidence" doctrine applies, Plaintiff (or any supposedly aggrieved individual) shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims—and the claims of any supposedly aggrieved individual—may be barred, in whole or in part, to the extent they are found to be frivolous, groundless, and/or unreasonable. In such a case, Defendants are entitled to attorney fees and other costs incurred in connection with the defense of this action.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, by additional affirmative defenses and after acquired evidence that may arise during these proceedings.

## **PRAYER FOR RELIEF**

Defendants respectfully pray that this Court:

1. Enter an order dismissing with prejudice the Complaint and all claims therein;

2. Award Defendants the costs and attorney fees incurred by them in connection with this action; and

3. Grant any such other, further, or proper relief to which Defendants may be entitled.

Respectfully submitted, this, the 24th day of August, 2023.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

So certified, this, the 24th day of August, 2023.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**

4856-9868-8378