# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action NO.: 2:22-cv-02668-SHL-TMP |
| v. | ) ) ) | Chief Judge Lipman |
| SUPREME STAFFING LLC; BETTER PLACEMENTS PERSONNEL LLC; AND INSPIRE HOTEL STAFFING LLC, | ) ) ) ) | Jury Demand |
| Defendants. | ) | |

**Response in Opposition and Motion to Strike Defendants' "Motion to Reconsider Order on Defendants' Motion to Dismiss or, in the Alternative, to Certify Interlocutory Appeal"**

Defendants' motion for reconsideration represents Defendants' fourth attempt to advance the same argument.[1] Defendants have not identified any change of controlling law or any other error that warrants reconsideration. Instead, Defendants' motion is based on their unfounded belief that other lawsuits filed by the Commission somehow invalidate the present suit. Defendants are mistaken. The Commission's lawsuit, as outlined in the Court's original order denying Defendants' motion to dismiss, is properly before the Court and there is no valid basis to revisit the Court's ruling apart from Defendants' attempt for yet another bite at the apple. The Commission asks the Court to 1) strike Defendants' motion as it violates LR 7.3 (c); and 2) impose any other relief this Court deems appropriate. In the alternative, the Commission asks the Court to deny Defendants' motion in its entirety.

---

[1] *See* Doc. Nos. 15, 45, and 60.

1

**APPLICABLE FACTS AND LEGAL ANALYSIS**

    **I.    Defendants' Disagreement with the Court's Previous Ruling is not a Valid Basis for Reconsideration**

Trial courts possess the "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *United States v. Smith & Nephew, Inc.,* No. 08-2832, 2010 WL 11606405, at *2 (W.D. Tenn. Nov. 17, 2010) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)) (citations omitted). The grounds for reconsideration of an interlocutory order generally exist when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *United States v. Smith & Nephew, supra.,* (citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959 (6th Cir. 2004)) (citation omitted).

None of these circumstances exist here. Rather, Defendants continue to rely on arguments previously espoused in earlier motions and assert meritless arguments erroneously contending this Court misunderstood the law and its application. The Court should deny Defendants' motion for these reasons alone. *See Bey v. HSBC Bank USA, N.A.*, No. 15-CV-2496-STA-TMP, 2015 WL 12867940, at *2 (W.D. Tenn. Oct. 22, 2015)(Plaintiff's motion for reconsideration denied when Plaintiff's motion to reconsider simply repeated much of what was included in her original motion.)

To the extent Defendants' motion suggests the Commission's lawsuits against Barrett Distribution Centers (Barrett) and Aaron Thomas Company, Inc. (Aaron Thomas) constitute new "evidence," they are mistaken. The filing of those lawsuits does not affect the present lawsuit. Those lawsuits, like the pendent matter, make it clear that the allegations against Defendants are based on a thorough investigation of the Defendants' conduct and the conduct of separately identified entities named in the more recently filed lawsuits. *See E.E.O.C. v. Barrett Distribution*

*Centers, LLC et al.*, 2:23-cv-02507 (W.D. Tenn. August 15, 2023, Doc No. 1, ¶ 9-13; *E.E.O.C. v. Aaron Thomas Company, Inc. et al.,* 2:23-cv-02599 (W.D. Tenn. September 21, 2023), Doc. No. 16, ¶ 9-13)[2]. The claims asserted in this case are based on factual evidence that establish a violation of federal law by the Defendants. The claims asserted against other entities identified in other lawsuits do not limit or modify the obligations or the wrongdoing of the Defendants *sub judice.* Furthermore, all jurisdictional prerequisites necessary for bringing forward the allegations claimed in the Complaint have been met; the matter is properly before the Court. Defendants' claims to the contrary are nothing more than unsubstantiated conjecture.

Finally, Defendants assert this Court misapplied the law. Here, again, Defendants' basis for consideration is improper. A "motion to reconsider should not be used to re-litigate issues previously considered." *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 Fed.Appx. 668, 672 (6th Cir. 2003). Rather, when a party views "the law in a light contrary to that of [the court], the 'proper recourse' is not to file a motion to reconsider but rather to file an appeal." *Bey,* 2015 WL 12867940, at *2 (W.D. Tenn. Oct. 22, 2015). Defendants failed to timely appeal the Court's decision. The Court should deny Defendants' motion for this additional reason.

**II.     Present Circumstances do not Justify an Interlocutory Appeal**

28 U.S.C. § 1292(b) authorizes district courts to certify for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground exists for difference of opinion regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. The Sixth Circuit has emphasized that granting an interlocutory appeal should be reserved for "exceptional cases" and "granted sparingly." *United*

---

[2] The Commission amended its Complaint October 26, 2023, to correct a scrivener's error – the Commission inadvertently interposed the charge numbers for the Aaron Thomas Charge of Discrimination and the Supreme Staffing Charge of Discrimination. The Commission corrected the mistaken catalog number in its Amended Complaint.

3

*States v. Smith & Nephew, Inc.,supra*-No. 08-2832, 2010 WL 11606405, at *3 (W.D. Tenn. Nov. 17, 2010)(citing *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). The fact that Defendants now find themselves on the wrong end of a federal lawsuit does not make this an exceptional case. The Commission stands by its previous arguments regarding notice, timeliness, and appropriateness of this action – arguments with which this Court has previously agreed. Defendants' rehashed argument asserting the Court misapplied the law or that it failed to consider their legal arguments lack merit. Neither of these positions area proper basis for the relief sought.

    a.    **The present order is not a controlling question of law.**

As an initial matter, the phrase 'question of law' as used in 28 U.S.C. § 1292(b) does not refer to a particular application of facts to the law. *Byars v. Dart Transit Co*., No. 3:19-CV-00541, 2019 WL 9997347, at *1 (M.D. Tenn. Nov. 5, 2019). Rather, "district courts should certify questions of law when they are unsure of the applicable the law, not when there is merely a dispute as to how the law applies to the facts of a particular situation." *Id*.

Here, the crux of Defendants' argument is that the Court misapplied the law. There are no circuit splits or ambiguity in the law regarding notice or how or when the Commission satisfies its jurisdictional pre-requisites. Defendants' disagreement is with the Court's application of the law to the present facts; this is an insufficient ground for an interlocutory appeal. *Id*. There is no disagreement among the Circuit courts, nor any ambiguity in the law regarding notice, or how or when the Commission satisfies its jurisdictional prerequisites. Rather, it is an exemplar of well-settled law, and this case does not present any novel issues or reasons to depart from long held precedents. Defendants' disagreement with the Court's application of the law to the facts of the case an insufficient ground is for an interlocutory appeal. *Id.*

    b.    **No substantial ground exists for a difference of opinion regarding the correctness of the decision.**

Defendants' continued insistence that the Commission and this Court are wrong does not equate to a substantial ground for difference of opinion. *See, Town of Smyrna, Tennessee v. Mun. Gas Auth. of Georgia,* No. 3:11-0642, 2015 WL 13718034, at *1 (M.D. Tenn. June 2, 2015)(While Defendant "strongly believes" the Court erred, that belief is not a basis for an interlocutory appeal.)(*see also, Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010)("The district court correctly held that '[a] party's strong disagreement' with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'")). Again, Defendants have not cited any circuit splits or cases that indicate there is any ambiguity in the law about the Commission's claims. Rather, Defendants' entire argument is simply that the Court got it wrong. Defendants' argument is not a sufficient basis for interlocutory appeal.

### c. Authorizing an interlocutory appeal will do nothing more than unnecessarily delay this matter.

Finally, appealing this matter will not advance the ultimate termination of the litigation. Instead, it will unnecessarily delay it. *See Vick v. Bernard*, No. 215CV00116JRGMCLC, 2018 WL 9811692, at *2 (E.D. Tenn. Oct. 5, 2018)(Interlocutory appeal of frivolous issues would delay, rather than advance, the ultimate resolution of this action.) The Court entered its order denying dismissal on August 10, 2023.[3] Defendants did not file the present motion until October 13, 2023, more than two months after the Courts' order. Admittedly, there is not a specific time limit on the filing of a motion to certify a ruling for interlocutory appeal under 28 U.S.C. § 1292(b). Courts in this district, however, have held that a delay of two months or more in filing a motion to certify an order for interlocutory appeal is unreasonable. *Bose v. de la Salud Bea*, No. 216CV02308JTFTMP, 2018 WL 8922839, at *5 (W.D. Tenn. July 30, 2018). This Court should find Defendants' delay

---

[3] Doc. No. 52.

5

here is likewise unreasonable. The Parties have litigated this matter for more than a year and have yet to see any significant movement. Allowing a late filed motion, more than two months after the Court has issued its order denying the Motion to Dismiss, and while the parties are briefing discovery issues, will do nothing more than delay this matter further.

It also sets a dangerous precedent as it encourages Defendants not to comply with federal rules governing timely appeals in the hopes of obtaining a second bite at the apple when they choose. It also unnecessarily utilizes Court resources requiring parties to relitigate the same issues multiple times in the absence of any significant legal changes. Allowing such specious motions is anathema to fair and efficient jurisprudence. The Court based its order denying the Motion to Dismiss on well-settled law; Defendants' disagreement with its interpretation of that law is not a valid basis for an interlocutory appeal.

### III. Defendants' Motion Violates L.R. 7.3(c) and the Commission is Entitled to Relief Including, but not Limited to, Striking the Pendent Motion

Local Rule 7.3(c) prohibits the repetition of any argument the party moving for revision made during the initial consideration of the issues. Anyone who violates this restriction shall be subject to appropriate relief including, but not limited to, striking the filing. *All Secure Guard & Patrol Servs., Inc. v. Fed. Home Loan Mortg. Corp.*, No. 14-2575-STA-TMP, 2015 WL 7302789, at *4 (W.D. Tenn. Nov. 18, 2015). As outlined above, Defendants' motion is merely a regurgitation of previous arguments. Defendants merely disagree with the Court's unfavorable ruling and uses almost 20 pages to repeat themselves. Defendants' actions are improper and violate Rule 7.3, consequently the Court should strike Defendants' motion.

### CONCLUSION

Defendants' motion for reconsideration lacks merit. Defendants' motion fails to contain any valid basis to warrant reconsideration or interlocutory appeal. Rather, Defendants merely

6

repeated previous arguments already offered for the Court's consideration. The Commission requests that the Court strike Defendants' motion under Local Rule 7.3(c) and that the Court award the Commission any other relief this Court deems necessary. In the alternative, the Commission asks this Court to deny Defendants' motion in its entirety.

Date: October 26, 2023

Respectfully submitted,

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
faye.williams@eeoc.gov

AMY BLACK
Supervisory Trial Attorney
TN Bar No. 016102
amy.black@eeoc.gov

*/s/ Roslyn Griffin Pack*
ROSLYN GRIFFIN PACK
Trial Attorney
MS Bar No. 103317
roslyn.griffin-pack@eeoc.gov

ASHLEY FINCH
Trial Attorney
TN Bar. 036797
ashley.finch@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson, Suite 1400
Memphis, TN 38103
901-701-6445

GARY SULLIVAN
Assistant Regional Attorney
Arkansas Bar No. 92051
gary.sullivan@eeoc.gov

        MARYNA JACKSON
Trial Attorney
AR Bar. 2009111
maryna.jackson@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (901) 685-4642
Attorneys for Plaintiff
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that on October 26, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent through the Court's electronic filing system to all parties shown on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Zachary B. Busey
Dean J. Shauger
Mary Katherine Smith
Whitney Dowdy
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ**
165 Madison Avenue Suite 2000
Memphis, TN 38103
(901) 526-2000
zbusey@bakerdonelson.com
dshauger@bakerdonelson.com
mksmith@bakerdonelson.com
wdowdy@bakerdonelson.com
Attorneys for Defendant

        */s/ Roslyn Griffin Pack*
        ROSLYN GRIFFIN PACK