# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| ) | Civil Action No. 2:22-cv-02668-SHL-tmp |
| v. ) ) | |
| SUPREME STAFFING LLC; BETTER PLACEMENTS PERSONNEL LLC; AND INSPIRE HOTEL STAFFING, LLC, ) ) ) ) | JURY DEMAND |
| Defendants. ) | |

## REPLY BRIEF IN SUPPORT OF MOTION TO RECONSIDER ORDER ON DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CERTIFY INTERLOCUTORY APPEAL

In opposing this Motion (*see* Response, Doc. 68), the EEOC declines to address the authorities on which Defendants rely and, while quick to claim Defendants merely repeat arguments, the EEOC declines to acknowledge the impact of its subsequent lawsuits, particularly the Aaron Thomas case. The EEOC does neither because it cannot do either. It has no basis for contesting the authorities on which Defendants rely, particularly controlling decisions from the Supreme Court and Sixth Circuit, and it cannot now re-write the allegations it made in the Aaron Thomas case. Defendants' request for reconsideration is limited to the impact of the subsequent filings and the Court's rulings that, Defendants submit, are contrary to law. Defendants' reconsideration request should be granted, and this lawsuit dismissed with prejudice. In the alternative, Defendants seek an interlocutory appeal. On this point, the EEOC's silence again speaks volumes. Its opposition is without merit. Should the Court decline to reconsider and dismiss, it should certify the identified legal questions for interlocutory appeal.

4864-8643-5727

I.      **FURTHER ARGUMENTS & AUTHORITIES**

      A.      **Defendants had no right of appeal with respect to the Court's Order.**

At multiple points in its Response, the EEOC faults Defendants for not simply appealing the Court's Order.  "Defendants failed to timely appeal the Court's decision," emphasizes the EEOC.  (Response, Doc. 68, PageID 473.)  Granting Defendants' Motion, cautions the EEOC, "sets a dangerous precedent as it encourages Defendants not to comply with federal rules governing timely appeals in the hopes of obtaining a second bite at the apple when they choose." (*Id.*, PageID 476.)  "Rather," continues the EEOC, "when a party views the law in a light contrary to that of the court, the proper recourse is not to file a motion to reconsider but rather to file an appeal."  (*Id.*, PageID 473.)  There was no right of appeal with respect to the Court's Order.  It was an interlocutory order; a non-appealable order.  That is why, in the alternative, Defendants have asked the Court to certify questions for an interlocutory appeal.  The EEOC, it appears, misunderstands appellate procedure.  Its related opposition arguments have no merit.

      B.      **Defendants' Motion goes far beyond a mere disagreement with the Court's Order.**

The EEOC declines to address Defendants' arguments.  It opts instead to summarily dismiss them, citing *Bey*.  (Response, PageID 472.)  In *Bey*, the movant failed to allege any new developments, and failed to allege that the court failed to consider dispositive legal arguments. *Bey v. HSBC Bank USA, N.A.*, 2015 WL 12867940, at *2 (W.D. Tenn. Oct. 22, 2015). Defendants, here, did both.  *Bey* is not applicable, and the EEOC's reliance on it is misplaced. Before again relying on *Bey* (Response, PageID 473), the EEOC quotes from *American Marietta* (*id.*).  The quote, cherry picked by the EEOC, is part of a Sixth Circuit ruling regarding whether a motion for reconsideration can be used to introduce new evidence that was available to a party earlier in the proceeding.  Defendants' Motion, however, does not relate to new evidence that

was available earlier in this proceeding.  In context, *American Marietta* is not applicable, and the EEOC's reliance on it is misplaced.  Apart from *Bey* and *American Marietta*—and self-serving sound bites regarding Defendants' alleged "violation of federal law," "wrongdoing," and "unsubstantiated conjecture" (Response, PageID 473)—the EEOC declines to address Defendants' arguments.  It does not because it cannot.  Defendants' Motion is proper in its scope and process.  Defendants have not acted improperly, as the EEOC alleges once again only in summary fashion (Response, PageID 476).  The EEOC's Response falls short and fails to meet any of Defendants' arguments on the merits.

        **C.**      **A Circuit split is not required for an interlocutory appeal.**

The EEOC insists that there is no Circuit split and thus there can be no interlocutory appeal.  (Response, PageID 474.)  While a Circuit split may certainly justify an interlocutory appeal, it is in no way required for one.  The EEOC cites no authority supporting its contrary position.  Moreover, for there to be a Circuit split on issues in this Motion would first require the EEOC to regularly file suits in the manner it has in this case.  It does not do that.  The three times it has, *Princeton Healthcare*, *Freeman*, and *Norfolk*, the courts ruled as Defendants have requested in this case, and the EEOC appears not to have appealed those rulings.  That is why there is no Circuit split.  The split, albeit not a Circuit split, arose in relevant part with the Court's Order, which decided the timeliness issue differently than the courts in *Princeton Healthcare*, *Freeman*, and *Norfolk*.  The same is true with the other legal issues raised in raised in Defendants' Motion.  Defendants' focus is not on whether there is a conflict between holdings of other courts.  Defendants' focus is on what it considers to be conflicts between holdings of those courts and holdings from this Court.

Defendants likewise are not asking for disputed facts to be applied on interlocutory appeal.  The Sixth Circuit "do[es] not review disputed questions of fact" on "interlocutory appeal

under 28 U.S.C. § 1292(b)." *Sheet Metal Emps. Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 361 (6th Cir. 2016). Of course not, but Defendants are not asking the Court to certify a disputed question of fact. To the contrary, the facts on which any appeal would be based are exactly as the EEOC has stated them. This is because the appeal arises out of whether this lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12 motions are a question of law. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The Sixth Circuit affirmed as much in *Kollaritsch*, an interlocutory appeal taken from the district court's denial of a Rule 12(b)(6) motion. *Kollaritsch v. Michigan State Univ. Bd. of Trustees*, 944 F.3d 613, 619 (6th Cir. 2019) ("[T]he analyses and decisions herein leave all questions of fact unresolved and all allegations still merely alleged."). Defendants' Motion, with respect to interlocutory relief, rests entirely on a question of law. Defendants are not asking for disputed facts to be applied on interlocutory appeal. The EEOC's contrary assertions (Response, PageID 474) are without merit.

### D. The timing of Defendants' Motion was necessitated by the subsequent filing of two new lawsuits by the EEOC.

Defendants did not unreasonably delay in filing their Motion. In *Bose*, on which the EEOC relies (Response, PageID 475), the court found there to be unreasonable delay because, there, the movant sought post-judgment relief but the movant's request "did not comport with similar post-judgment deadlines under the Federal Rules of Civil Procedure." *Bose v. de la Salud Bea*, 2018 WL 8922839, at *5 (W.D. Tenn. July 30, 2018). Moreover, the *Bose* court reiterated that the movant did "not offer any reason for this delay." *Id.* Neither situation is present here. Defendants' timing was necessitated by the EEOC's filings, with Defendants filing their Motion within thirty days of the EEOC filing the Aaron Thomas case. That being the third

filing by the EEOC, it was reasonable for Defendants to consider it and to await a fourth filing by the EEOC, or maybe even a fifth. Three weeks later, Defendants filed their Motion. No Court has ever ruled (or even considered) such circumstances to constitute unreasonable delay. Furthermore, unlike the movant in *Bose*, Defendants' Motion does not relate to post-judgment relief. Rather, the Motion relates to a motion to dismiss, filed early in this proceeding, and aimed at avoiding protracted and expensive litigation, as well as an enormous litigation burden on Defendants. "An interlocutory appeal is more appropriate early in the proceedings, particularly in protracted and expensive cases, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." *Black & Decker (US), Inc. v. Smith*, 2008 WL 3850825, at *4 (W.D. Tenn. Aug. 13, 2008) (internal quotation omitted). Defendants did not unreasonably delay in filing their Motion, and an interlocutory appeal, at this early stage, would materially advance the litigation's ultimate termination.

## II.  CONCLUSION

Based on the foregoing arguments and authorities, in addition to those detailed in their Brief, Defendants respectfully ask the Court to award the relief requested in this Motion, and for any additional relief the Court deems warranted under the circumstances.

Respectfully submitted, this, the 9th day of November, 2023.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

        **DEAN J. SHAUGER**
        Tennessee Bar No. 39746
        dshauger@bakerdonelson.com

        BAKER, DONELSON, BEARMAN,
          CALDWELL & BERKOWITZ, P.C.
        165 Madison Avenue, Suite 2000
        Memphis, Tennessee 38103
        (901) 526-2000 – telephone

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This, the 9th day of November, 2023.

        *s/ Zachary B. Busey*
        **ZACHARY B. BUSEY**