IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:22-cv-02668-SHL ) |
| v. | ) ) |
| | ) JURY DEMAND |
| SUPREME STAFFING LLC; BETTER PLACEMENTS PERSONNEL LLC; AND INSPIRE HOTEL STAFFING LLC, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM SUPPORTING ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF DEFENDANTS' THIRD AND FOURTH AFFIRMATIVE DEFENSES (ALLEGED FAILURE TO SATISFY CONDITIONS PRECEDENT, INCLUDING CONCILIATION)**

Plaintiff Equal Employment Opportunity Commission (Commission) asks this Court to grant it partial summary judgment under Fed. R. Civ. Pro. 56 on Defendants' Third and Fourth Affirmative Defenses, which assert the Commission "failed to fulfill and exhaust all conditions precedent". The undisputed facts, viewed in a light most favoring Defendants, establish this defense fails as a matter of law[1].

### I.      FACTS

On April 11, 2019, Francisco Alvarez filed a charge of discrimination against Supreme with the Commission. Statement of Facts, ¶ 1; Ex. 1, Charge of Discrimination. Alvarez' Charge

---

[1] To the extent that Defendants' Third Affirmative Defense is meant to assert that the Commission failed to meet its' pre-suit conciliation requirements, Plaintiff moves for partial summary judgment on that defense as well. The defense vaguely asserts the Commission "failed to comply with the enforcement provisions on Title VII."

1

alleged he was removed as supervisor because he complained of discrimination. He also alleged Black job applicants were turned away from seeking employment and the open jobs were given to Hispanics. SOF ¶ 2; Ex. 1. On April 19, 2019, Alvarez' Charge was served on Defendants. SOF ¶ 3; Ex. 2.

The Commission subsequently investigated Alvarez' Charge and issued a Letter of Determination on July 7, 2022. SOF ¶ 4; Ex. 4. The Letter of Determination informed Supreme Staffing, Better Placements Personnel, LLC and Inspire Hotel Staffing, LLC (referred to collectively as Supreme) that the Commission found reasonable cause to believe that at its Memphis facilities: it engaged in a pattern or practice of discrimination against persons because of race (Black/African American) in recruiting, selections, referrals, placements, assignments, and hiring; subjected Black/African American employees/applicants to disparate referral, placement, assignment, and hiring practices, engaged in recruiting violations, and engaged in unlawful segregation; engaged in a pattern or practice of discrimination against persons because of sex (Female) in recruiting, selections, referrals, placements, assignments, and hiring; subjected Females to disparate referral, placement, assignment, and hiring practices, engaged in recruiting violations, recordkeeping requirements, and engaged in unlawful segregation in violation of Title VII, and further that it failed to comply with recordkeeping requirements including §709(c) of Title VII, 29 C.F.R. §1607.4, and 29 C.F.R. §1602.14. SOF ¶ 4; Ex. 4. In the Letter of Determination, the Commission invited Supreme to participate in the conciliation process. SOF ¶ 5; Ex. 4.

After the issuance of the Letter of Determination and before the issuance of a Notice of Conciliation Failure, the Commission and Supreme engaged in written and oral communications in an effort to remedy the discrimination. SOF ¶ 6; Dkt. 23 ¶¶ 16-17. Despite these efforts, the parties' communications failed to result in a conciliation agreement acceptable to the Commission.

SOF ¶ 7; Ex. 5. Consequently, on August 29, 2022, the Commission issued a Notice of Conciliation Failure, which stated that the Commission was concluding conciliation efforts as they had been unsuccessful. SOF ¶¶ 8-9; Ex. 5.

On September 29, 2022, the Commission filed this action. *See* Doc. No. 1. The Commission filed a First Amended Complaint on April 6, 2023. *See* Doc. No. 41. In its Answer to the Commission's First Amended Complaint, Supreme denied, in whole or part, Plaintiff's averments and allegations corresponding to conditions precedent found in its Complaint at paragraphs 11-16. Supreme also pled affirmative defenses alleging: "Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because Plaintiff (or a supposedly aggrieved individual) failed to comply with the enforcement provisions of Title VII, including without limitation 42 U.S.C. § 2000e-5(e), including a failure to exhaust administrative remedies." *See* Doc. No. 55, PageID 365 (Third Affirmative Defense); and "Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because Plaintiff failed to fulfill and exhaust all conditions precedent to maintaining such claims, including providing any Defendant with sufficient pre-suit notice." *Id.* (Fourth Affirmative Defense).

Because the Commission satisfied its statutory obligations to endeavor to conciliate Alvarez' Charge, including attempting to engage Defendants in some form of discussion (whether oral or written) to provide an opportunity to remedy the allegedly discriminatory practice, the Commission seeks summary judgment on Defendants' defenses that Plaintiff failed its obligatory duty to conciliate.

## II. LAW AND ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

District courts may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has held that summary judgment is appropriate only where there is no genuine issue of material fact to be tried and the facts to which there is no such issue warrant the entry of judgment for the moving party as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A genuine issue of material fact is one which, if proven at trial, would lead a reasonable fact finder to find for the non-moving party." *Nichols v. Snow*, No. 3:03-0341, 2006 WL 167708, at *4 (M.D. Tenn. Jan. 23, 2006) (citing *Anderson*, 477 U.S. at 247-248).

"The non-movant...must come forward with affirmative evidence that establishes its claims and raises an issue of genuine material fact." *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Mere allegations of a factual dispute between the parties are not sufficient to defeat a properly supported summary judgment motion; there must be a genuine issue of material fact." *Id.* (citing *Anderson*, 477 U.S. at 247-48). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* (citing *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 566 (6th Cir. 2003)).

"The substantive law involved in the case will underscore which facts are material, and only disputes over outcome-determinative facts will bar a grant of summary judgment." *Id*. (citing *Anderson*, 477 U.S. at 248)). "Drawing all justifiable inferences in favor of the non-moving party, the Court must determine whether a reasonable fact finder would be able to return a verdict for the non-moving party and if so, the Court must deny summary judgment." *Id*. "However, if the non-

moving party has not 'produced enough evidence for a jury to be able to return a verdict for that party,' summary judgment should be granted." *Id*. (quoting *Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 703 (6th Cir.2000)).

Here, the Commission contends there is no genuine dispute as to any material fact with respect to Defendant's Fourth Affirmative Defense and, further, to the extent Defendant's Third Affirmative Defense, with its references to "the enforcement provisions of Title VII" and "failure to exhaust administrative remedies," is meant to refer to conciliation, partial summary judgment is appropriate there as well.

### B. PLAINTIFF SATISFIED ALL CONDITIONS PRECEDENT

The Commission is entitled to judgment as a matter of law as to Defendants' position on conditions precedent stated above because there are no genuine issues of material fact as to whether the Commission satisfied its pre-suit statutory obligations. The Court in *Mach Mining v. EEOC* described the multiple steps the Commission is to follow in enforcing the employment-discrimination prohibitions of Title VII. *Mach Mining, LLC v. EEOC*, 575 U.S. 480.

1) "The process generally starts when 'a person claiming to be aggrieved' files a charge of an unlawful workplace practice with the EEOC." *Mach Mining* at 483 (quoting §2000e-5(b)). 2) "…the EEOC notifies the employer of the complaint," *Id*. Then, 3) the Commission "undertakes an investigation." *Id*. If the Commission's investigation finds the allegation has merit, it 4) "must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of 'reasonable cause.'" *Id*, at 494. "Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result." *Id*. After issuing a cause determination, the Commission 5) "must…'endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.'" *Id*, at 483. Explaining further, the Commission "must try to engage

5

the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id*, at 494.

The *Mach Mining* Court, while outlining the process for the Commission to meet its conciliation obligation, also limited the scope of judicial review of the conciliation process. *Mach Mining* at 494. *Mach Mining* clarified that courts are limited to a "relatively barebones review" of the Commission's compliance with the statute, which "allows the [Commission] to exercise all the expansive discretion Title VII gives it to decide how to conduct conciliation efforts and when to end them." *Id*. Accordingly, courts are limited to look only at "whether the [Commission] attempted to confer about a charge, and not to what happened (i.e., statements made, or positions taken) during those discussions." *Id*. "A sworn affidavit from the [Commission] stating that it has performed the obligations noted above but that its efforts have failed will usually suffice to show that it has met the conciliation requirement." *Id*.

Here, the Commission has produced undisputed evidence that it met its preconditional statutory obligations, including to conciliate, under *Mach Mining*. 1) Francisco Alvarez filed a Charge with the Commission. *See* Ex. 1. 2) A notice regarding that Charge was issued to Supreme. *See* Ex. 2. 3) The Commission investigated the Charge. *See* SOF ¶ 4; Declaration of Edmond Sims at ¶4; Ex. 3. 4) The Commission issued an appropriately detailed Letter of Determination. *See* Ex. 4. 5) The Commission invited Supreme to engage in conciliation, attempted in good faith to conciliate, ultimately determined conciliation failed, and notified Supreme of such. *See* Ex. 3 Declaration of Edmond Sims at ¶¶ 5-7; Ex. 4; Ex. 5 (Notice of Conciliation Failure).

The Letter of Determination, per *Mach Mining*, provided notice of the allegations and properly described the class of employees/applicants that suffered as a result. The Letter of Determination informed Defendant that the Commission found reasonable cause to believe since

6

January 2018 at its Memphis facilities, Supreme: 1) engaged in a pattern or practice of discrimination against persons because of race (Black/African American) in recruiting, selections, referrals, placements, assignments, and hiring; 2) subjected Black/African American employees/applicants to disparate referral, placement, assignment, and hiring practices, engaged in recruiting violations, and engaged in unlawful segregation; 3) engaged in a pattern or practice of discrimination against persons because of sex (Female) in recruiting, selections, referrals, placements, assignments, and hiring; 4) subjected Females to disparate referral, placement, assignment, and hiring practices, engaged in recruiting violations, recordkeeping requirements, and unlawful segregation all in violation of Title VII, and 5) that it failed to comply with recordkeeping requirements including §709(c) of Title VII, 29 C.F.R. §1607.4, and 29 C.F.R. §1602.14. Ex. 4. Finally, the affidavit of Acting District Director Edmond Sims demonstrates the Commission and Supreme engaged in written and oral communications in an effort to remedy the alleged discriminatory practices. Ex. 3, Declaration of Edmond Sims at ¶¶ 5-7.

Under the standards in *Mach Mining*, the Commission is entitled to summary judgment regarding its pre-suit statutory obligations.

### III.     CONCLUSION

Based on the foregoing, the Commission has shown there are no genuine issues of material fact regarding the Commission satisfying its pre-suit obligations and is entitled to summary judgment on the issue. Accordingly, the Commission asks the Court to enter partial summary judgment for Plaintiff with regard to Defendants' Third and Fourth Affirmative Defenses.

Respectfully submitted,

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
faye.williams@eeoc.gov

MARKEISHA K. SAVAGE
Trial Attorney
TN Bar No. 24693
markeisha.savage@eeoc.gov

ROSLYN GRIFFIN PACK
Trial Attorney
MS Bar No. 103317
roslyn.griffin-pack@eeoc.gov

/s/ *Donnie Snow*
DONNIE SNOW
Trial Attorney
TN Bar No. 030585
donnie.snow@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
200 Jefferson Avenue, Suite 1400
Memphis, TN  38103
Telephone: (901) 685-4644

GARY SULLIVAN
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

MARYNA JACKSON
Trial Attorney
AR Bar No. 2009111
maryna.jackson@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
800 Louisiana Street, Suite 200
Little Rock, AR 72201