IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) SUPREME STAFFING LLC; BETTER ) PLACEMENTS PERSONNEL LLC; AND ) INSPIRE HOTEL STAFFING, LLC, ) ) Defendants. ) | Civil Action No.2:22-cv-02668-SHL-tmp JURY DEMAND |

**DEFENDANTS' BRIEF IN SUPPORT OF RULE 56(d) MOTION**

The relevant background of this matter and the two other lawsuits filed by the EEOC are already before the Court. (*See, e.g.*, Brief, Doc. 67, PageID 454-57.) On June 14, 2024, the EEOC filed a Motion for Partial Summary Judgment. (Motion, Doc. 77.) The Motion asks the Court to grant summary judgment on Defendants' third and fourth affirmative defenses. The third affirmative defense asserts, preserves, and gives notice of Defendants' intent to investigate the EEOC's failure to comply with the enforcement provisions of Title VII. (*See* Answer, Doc. 55, PageID 365.) The fourth affirmative defense asserts, preserves, and gives notice of Defendants' intent to investigate the EEOC's failure to exhaust all conditions precedent. (*See id.*) The EEOC argues that it is entitled to judgment as a matter of law on both defenses in so far as the defenses challenge the "sufficiency of pre-litigation conciliation." (Motion, Doc. 77, PageID 508.) Whatever the Motion argues, the Motion itself is not ripe. Defendants remain without essential facts and information to even evaluate the Motion, much less to justify any opposition

4884-4079-5087

to it. For this reason, pursuant to Rule 56(d), Defendants ask the Court to deny the Motion without prejudice or, in the alternative, defer the Motion until after the close of discovery.

**I.    APPLICABLE STANDARDS**

When responding to a motion for summary judgment, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). In light of this burden to present "affirmative evidence," courts have held that "[s]ummary judgment should not ordinarily be granted before discovery has been completed." *Tarleton v. Meharry Med. Coll.*, 717 F.2d 1523, 1534 (6th Cir. 1983) (citing 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2006, at 35 (1970)). While a party may move for summary judgment "at any time until 30 days after the close of all discovery," a non-moving party must receive "a full opportunity to conduct discovery" in order to respond to a motion for summary judgment. Fed. R. Civ. P. 56(b); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) (holding that "[in light of *Anderson* and *Celotex*,] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

For these reasons, subpart (d) of Rule 56 permits a nonmovant to request the denial or deferring of any motion for summary judgment. Rule 56(d) recognizes that, like here, the nonmovant may not have all of the information it needs to respond to the motion. The Rule provides:

> **When Facts are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). When a party seeks Rule 56(d) relief, a court may either deny the summary judgment motion or continue its ruling to allow the non-movant additional time to conduct discovery before filing an opposition to the motion. *See Siggers v. Campbell*, 652 F.3d 681, 695-96 (6th Cir. 2011).

Courts faced with a Rule 56(d) motion typically consider five factors: (1) when the nonmoving party learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period lasted; (4) whether the nonmoving party was dilatory in its discovery efforts; and (5) whether the moving party was responsive to discovery requests. *See Siggers*, 652 F.3d at 696; *see also Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995) (listing the same five factors). "Typically, when the parties have no opportunity for discovery, denying the Rule 56[(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (internal citation omitted); *see Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) ("It is well-established that the [non-moving party] must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment.").

## II.     ARGUMENTS & AUTHORITIES

The crux of the EEOC's Motion is that it sufficiently completed any pre-suit conciliation; it met its obligations to do so. This all flows from the Supreme Court's *Mach Mining* decision. There, the Supreme Court affirmed that district courts are not in a position to review and rule on the *sufficiency* or *adequacy* of any pre-suit conciliation efforts by the EEOC. Said plainly, *how* the EEOC goes about conciliation is not subject to judicial review.

*Mach Mining*, however, did not address the *who* and *what* of conciliation. Both remain subject to judicial review. The EEOC acknowledges this and likewise quotes the relevant language from *Mach Mining*. (*See, e.g.*, Brief, Doc. 78, PageID 513-14.) To quote it again: The EEOC, in connection with conciliation efforts, "must inform the employer about the specific allegation," and it must "describe[] both what the employer has done and which employees (or what class of employees) have suffered as a result." *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 494 (2015). The EEOC is then required to "endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* (internal quotations omitted.) The EEOC must do so before it can file any action or proceeding. Defendants' affirmative defenses, at least in relevant part, go to the *who* and *what* of the EEOC's pre-suit obligations, including conciliation. Specifically, they go to whether the *who* and *what* in this lawsuit is the same *who* and *what* the EEOC actually conciliated.

The EEOC's Motion argues that it identified the *who* and *what* of conciliation and that both align with the claims and relief sought in this lawsuit. Judgment, according to the EEOC, must now be entered on the affirmative defenses. For whatever merit this argument may have— or the Motion may have—it is premature. There has been no discovery regarding the *who* and *what* of conciliation. There has been no discovery regarding the individuals at issue in this

lawsuit. In fact, the EEOC has not yet even identified on behalf of whom it brings any claim or seeks any relief. Defendants, in other words, remain without essential facts and information to even evaluate the Motion, much less to justify any opposition to it.

That is the relevant standard. Not whether the EEOC may prevail on the Motion and not whether Defendants' facts will carry the day—but whether Defendants are in possession of essential facts and information. They are not. Discovery in this matter has not even begun. Defendants have had no opportunity to obtain facts and information. Defendants, once again, still do not even know who this lawsuit is about. Against this backdrop, on any combination of the factors to be considered, courts are quick to grant Rule 56(d) relief. *See, e.g.*, *CenTra, Inc.,* 538 F.3d at 420; *see also Thomason v. Amalgamated Loc. No. 863*, 438 F. App'x 358, 361 (6th Cir. 2011) (finding that the district court's denial of the plaintiff's Rule 56(e) motion was an abuse of discretion because there had been "no discovery whatsoever"); *B. Riley Wealth Mgmt., Inc. v. XL Specialty Ins. Co.*, 2021 WL 6884742, at *7 (W.D. Tenn. Mar. 1, 2021) (granting the defendant's Rule 56(d) motion and finding that "the lack of any discovery weighs heavily in favor of granting [d]efendant's [m]otion."); *Holbrook v. OwnBrix Int'l Corp.*, 2020 WL 3036890, at *2 (W.D. Tenn. June 5, 2020) (quoting *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996)) ("'Most significant' to the conclusion that a motion for summary judgment should be denied or held in abeyance pending further discovery is the fact that 'no discovery was conducted before the motion for summary judgment was filed and decided.'"); *PSC Metals, Inc. v. S. Recycling, LLC*, 2017 WL 4403360, at *2 (M.D. Tenn. Oct. 4, 2017) (stating that because summary judgment is premature until parties have a full opportunity to conduct discovery, a Rule 56(d) motion requesting time for discovery should be granted "almost

as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence").

Defendants have complied with the remaining aspects of Rule 56(d). Attached as Exhibit 1 is a Declaration that details the specific discovery needed, at a minimum, to evaluate and, if necessary, oppose the EEOC's Motion. The Declaration likewise identifies the basis for believing such discovery exists and is available from the EEOC. In short, in terms of the *who* and *what* the EEOC believes it conciliated, Defendants provide the internal EEOC notes on which allegations in this lawsuit appear to be based. Those notes continue on and confirm that Mr. Alvarez, to whom the EEOC attributes the allegations, "reversed his claim" and confirmed that he was not aware of anyone "requesting that Supreme exercise a preference for placing Hispanic candidates." (*See* Declaration, Exhibit A, ¶ 16.) Defendants likewise provide on-the-record confirmation from the EEOC that any "preference" was actually just a single email where one client requested "bilingual employees," and Defendants provide a copy of the email, which likewise came from the EEOC. (*See id.*, ¶ 18.) There is an obvious conflict between what the EEOC has claimed and what its own notes and documents show. This, on the whole, bolsters Defendants' belief that discovery is needed to identify the individuals or group or groups covered by any conciliation.

The same is true for the identity of any individual on behalf of whom the EEOC brings any claim or seeks any relief. As detailed in the Declaration, in an identical lawsuit split from this one and subsequently filed, the EEOC has confirmed that it does not actually represent the individuals it identified in the complaint. There are included for "anecdotal" purposes and "might be surprised" to learn that they were even mentioned in a complaint. (*See* Declaration, Exhibit A, ¶ 13.) This bolsters Defendants' belief that discovery is needed as to the identity of these

individuals, specifically the actual individuals on behalf of whom the EEOC brings any claim or seeks any relief.

Again, the crux of the EEOC's Motion is that it conciliated on behalf of any individual or group or groups that it now seeks relief. Defendants, however, are without essential facts and information regarding the identity of any individual or group or groups that it now seeks relief. For this reason, it cannot even evaluate the Motion, much less justify any opposition to it. Said another way, Defendants aim to discover evidence of "whether the [EEOC] attempted to confer" about the specific allegations in this lawsuit. *Mach Mining*, 575 U.S. at 494. This is especially significant given the unprecedented nature of this lawsuit. Never before has a court evaluated the *who* and *what* of conciliation when the subsequent lawsuit (a) does not seek relief or bring a claim on behalf of the original charging party; and (b) does not identify any group or groups to which the original charging party even belongs. This lawsuit does both. Whether the EEOC conciliated on behalf of whomever it now seeks relief—that question may well be answered in the EEOC's favor. But to answer the question before Defendants have had an opportunity to do discovery, Defendants submit that is improper. The Court should grant this Motion and deny or defer the EEOC's Motion.

### III.   CONCLUSION

Based on the foregoing arguments and authorities, pursuant to Rule 56(d), the Court should grant this Motion. The EEOC's Motion for Partial Summary Judgment should be denied without prejudice or deferred until after the close of discovery.

Respectfully submitted, this, the 11th day of July 2024.

       *s/ Zachary B. Busey*
       **ZACHARY B. BUSEY**
       Tennessee Bar No. 29763
       zbusey@bakerdonelson.com

        **WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This, the 11th day of July 2024.

    *s/ Zachary B. Busey*
    **ZACHARY B. BUSEY**