# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:22-cv-02668-SHL ) |
| v. | ) ) |
| | )      JURY DEMAND |
| SUPREME STAFFING LLC; BETTER PLACEMENTS PERSONNEL LLC; AND INSPIRE HOTEL STAFFING LLC, | ) ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 56 MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Equal Employment Opportunity Commission (Commission or EEOC) moved this Court to grant it partial summary judgment under Fed. R. Civ. Pro. 56 on Defendants' Third and Fourth Affirmative Defenses, which assert the Commission failed to fulfill and exhaust all conditions precedent. Dkt. 77. The Commission argued in its motion for partial summary judgment (Motion) that the undisputed facts, even when viewed in a light most favoring Defendants, establish the claimed affirmative defense fails as a matter of law[1]. Defendants Supreme Staffing, LLC, Better Placements Personnel, and Inspire Hotel Staffing, LLC (hereinafter collectively referred to as, "Supreme,") responded to Plaintiff's Motion by filing their Rule 56(d) Motion to Deny Without Prejudice or Defer the EEOC's Motion for Partial Summary Judgment ("Response"). In its Motion and Supporting Brief, Supreme argues Plaintiff's Motion is not ripe.

---

[1] To the extent that Defendants' Third Affirmative Defense is meant to assert that the Commission failed to meet its' pre-suit conciliation requirements, Plaintiff also moved for partial summary judgment on that defense as well.

1

*See* Dkt. 82 and 83 pg. 1, ¶ 1. Supreme claims that because it does not have what it alleges are essential facts and information to evaluate the Motion for Partial Summary Judgment, it is unable to "justify any opposition" and thus asks the Court to deny the Motion without prejudice or defer until discovery has closed.

Supreme's suggests that because it lacks discovery in the pending de novo proceeding, it cannot determine whether during the prelitigation investigation of the Charge of Discrimination (Charge) on which this matter is based, 1) a Charge was filed, 2) Supreme received notice of that Charge, 3) the Commission investigated that Charge, 4) the Commission informed Supreme about the specific discrimination allegations in a Letter of Determination (Determination) explaining what Supreme had done and what class of employees were consequently injured, and 5) the Commission then attempted to conciliate by engaging Supreme in some form of discussion either orally or written to give Supreme an opportunity to remedy the alleged discriminatory practice.

The Commission provides evidence in its Motion that Supreme has sufficient information to determine all the foregoing in compliance with *Mach Mining* v. *EEOC*, 575 U.S. 480, 494 (2015). Supreme's ripeness argument and thus its Response lacks merit. This Court should deny Supreme's Motion (Dkt. 82) and grant Plaintiff's Motion for Partial Summary Judgment (Dkt. 77).

## I.LEGAL STANDARD

Plaintiff does not disagree with Supreme's stated legal standard, rather it disagrees with Supreme's contention that it met the applicable standard. As stated in *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986), "a grant of summary judgment is improper if the non-movant is given an *insufficient* opportunity for discovery," (emphasis added.) "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after *adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial")(emphasis added.) *Id.* And finally, Rule 56(d) permits a nonmovant to request the denial or deferring of any motion for summary judgment where the nonmovant may not have all the information it *needs to respond to the motion*. Fed. R. Civ. P. 56(d) (emphasis added.)

In light of the scope of the Commission's Motion, discussed below, Supreme received sufficient opportunity and adequate time for discovery and has all information it needs to respond.

## II. LAW AND ARGUMENT

### A. Supreme Received Sufficient Opportunity and Adequate Time for Discovery as None was Necessary; Supreme Has All the Information Needed to Respond

Supreme's ripeness is based on "[s]pecifically…whether the who and what in this lawsuit is the same who and what the EEOC actually conciliated." *See* Dkt. 83, pg. 4 ¶ 2. In short, Supreme argues that because it was not provided a complete list of class members before conciliation, the Commission did not meet its necessary preconditions to filing this lawsuit. Problematic for Supreme is that courts, including the Supreme Court in *Mach Mining*, contemplated incomplete class member lists during prelitigation stages. "[Pre-suit] notice properly describes both what the employer has done and which employees (*or* what *class* of employees) have suffered as a result." *Mach Mining*, 575 U.S. 480, 494 (2015) (emphasis added). The *Mach Mining* Court, referencing the statutory language of Title VII, affirmed the prospect that the name(s) of the aggrieved individual(s) in the style of the case need not match the name(s) listed in the Charge. See also *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1101 (6th Cir.1984) (affirming that Title VII anticipates unnamed class claims might grow out of individual claims: "as this later class-based claim brought by the EEOC could have reasonably been expected to grow out of Ms. Grimes' individual complaint of discrimination, no new additional proceedings [to satisfy conciliation requirement] were necessary."). "Cases decided after *Mach Mining* suggest that the EEOC is not precluded from

3

identifying new claimants that were within the scope of the claims that were investigated, disclosed and conciliated." *EEOC v. UPS*, 2017 LEXIS 101564, *25 (E.D.N.Y. June 29, 2017). Also see *EEOC v. United Health Programs of Am., Inc.*, 213 F. Supp. 3d 377, 403 (E.D.N.Y. 2016)(holding that EEOC not precluded from adding new claimants after filing of lawsuit, and that doing so did not run afoul of pre-suit litigation requirement).

Although Supreme tries to distract this Court with wandering tales of litigation from other courtrooms, the only legal theory it forwards in its Response is the previously identified ripeness argument. *See* Dkt. 83 pg. 1, ¶ 1. As indicated above, the Commission moved for partial summary judgment on two affirmative defenses in this lawsuit that claim Plaintiff did not meet its precondition requitements and in Affirmative Defense No. 4, did not provide sufficient notice of the Charge. But rather than arguing against the Commission's motion, for some reason Supreme seeks to conflate the cases of *EEOC v. Aaron Thomas Co., Inc. and Supreme Staffing, LLC*, Civil Action No. 2:23-cv-02599 and this case, in which the Commission filed suit against Supreme and two of its alleged alter-ego LLCs. *See* Dkt. 82-1, Ex. 1 Nos.11-18. The conflation is as confusing as it is irrelevant – irrelevant for the reasons stated below and confusing because the Declaration of Supreme's counsel implies that the Commission schemed to multiply its lawsuits against Supreme and also manipulated the system in how it has postured the multiple lawsuits it has filed against Supreme. This accusation does not mesh well with the fact that when the Commission moved to consolidate this matter and 2:23-cv-02599-JPM-tmp, Supreme opposed the motion. *See* Case No. 2:23-cv-02599-JPM-tmp, Dkt. 43, PageID 338-349. Cf Dkt. 82-1 No. 12, PageID 579.

As Supreme's Response shows, the Commission explicitly detailed in its April 17, 2024, correspondence where it felt Supreme was inaccurate in its Answer about conciliation and conditions precedent and requested it to amend. Dkt. 82-2, PageID 590 - PageID 591. Supreme's

4

reply email of April 25, 2024, claimed only that it did not have the necessary information to further explain its defenses. See Dkt. 82-2, PageID 588. But Supreme's reply email ignores the fact it does not need discovery to assess the defensibility of its asserted Affirmative Defenses Nos. 3-4.

The Commission is entitled to judgment as a matter of law as to Supreme' position on conditions precedent as there are no genuine issues of material fact whether the Commission satisfied its pre-suit statutory obligations. The *Mach Mining* Court described the steps in enforcing the employment-discrimination prohibitions of Title VII. *Mach Mining, LLC v. EEOC*, 575 U.S. 480 (2015):1) "The process generally starts when 'a person claiming to be aggrieved' files a charge of an unlawful workplace practice with the EEOC." *Mach Mining* at 483 (quoting §2000e-5(b)). 2) "…the EEOC notifies the employer of the complaint," *Id*. Then, 3) the Commission "undertakes an investigation." *Id*. If the Commission's investigation finds the allegation has merit, it 4) "must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of 'reasonable cause.'" *Id*, at 494. "Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result." *Id*. After issuing a cause determination, the Commission 5) "must…'endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.'" *Id*, at 483. Explaining further, the Commission "must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id*, at 494.

The *Mach Mining* Court, while outlining the process for EEOC to meet its conciliation obligation, also limited the scope of judicial review of conciliation. *Mach Mining* at 494. *Mach Mining* clarified that courts are limited to a "relatively barebones review" of the Commission's

compliance with Title VII, and "allows the [Commission] to exercise all the expansive discretion Title VII gives it to decide how to conduct conciliation efforts and when to end them." *Id*.

Here, under *Mach Mining*, the Commission has produced undisputed evidence that it met its preconditional statutory obligations, including to conciliate:1) Francisco Alvarez filed a Charge with the Commission. *See* Dkt. 77, Ex. 1. 2) A notice regarding that Charge was issued to Supreme. *See* Dkt. 77, Ex. 2. 3) The Commission investigated the Charge. *See* SOF ¶ 4; Declaration of Edmond Sims at ¶4; Dkt. 77, Ex. 3. 4) The Commission issued an appropriately detailed Letter of Determination. *See* Dkt. 77, Ex. 4. 5) The Commission invited Supreme to engage in conciliation, attempted in good faith to conciliate, determined conciliation failed, and notified Supreme of such. *See* Dkt. 77, Ex. 3; Declaration of Edmond Sims at ¶¶ 5-7; Ex. 4; Ex. 5. Under *Mach Mining*, the Commission is entitled to summary judgment regarding its pre-suit statutory obligations.

Finally, Supreme claims in multiple places in its response that the Commission is in possession of discovery documents containing a list of all class members and their relevant information. This is an inaccurate assertion to the Court. EEOC has only a small part of the information needed to identify all class members such as rejected applicants, much less assess whether those fall within the class. Supreme still has exclusive access to most relevant evidence (i.e., availability rosters, referrals/placements to client companies, employment applications, and personnel records). That relevant evidence is sufficient for it to assess its affirmative defenses.

> **B.    Supreme Is Not Entitled to Confidential Documents regarding Conciliation and Supreme's Claimed Need for Discovery on Conciliation is Unsupported by Caselaw or Statute; Courts Routinely Grant Motions for Partial Summary Disposition Regarding Conciliation Affirmative Defense Before the Close of Discovery**

Supreme is not entitled to confidential documents regarding the Commission's conciliation process. *Equal Emp. Opportunity Comm'n v. Tepro, Inc.*, No. 4:12-CV-75-HSM-SKL, 2014 WL

6

12562856, at *10 (E.D. Tenn. Aug. 29, 2014). Thus, discovery pertaining to the conciliation of this matter would be moot as many documents Supreme seemingly wants would be privileged.

Still, Supreme's articulated desire to conduct discovery on conciliation, both by obtaining documents and conducting depositions, is telling. Such confirms Supreme intends to draw the Court into a "deep dive" on conciliation. Counsel for Supreme asserts Supreme needs, "the identity of the individuals or group or groups on behalf of whom the EEOC contends it conciliated" and "the identity of the individuals on behalf of whom the EEOC contends it conciliated." *See* Dkt. 82-1, PageID 579, ¶¶ 9-10. Counsel's affidavit does not specifically identify outstanding discovery needed, but generally refers to unspecified, "documents in the EEOC's possession, depositions of EEOC personnel, or both." *Id*. Counsel apparently envisions Supreme receiving and reviewing EEOC conciliation documents, depose EEOC investigators on the exact names of the individuals the Commission believed it was seeking relief for at the time of conciliation, depose trial counsel or some other unspecified employee on who EEOC seeks to recover on in the Complaint, and then (apparently) attack the Complaint in some fashion if the names do not match. *Id*. at PageID 581, ¶ 20 ("the described discovery…will permit Defendants to evaluate and, if appropriate, challenge whether the EEOC conciliated and is suing on behalf of the same individual or group or groups.)"

As noted previously, there is no requirement that the "who" at issue in the conciliation exactly match the "who" at issue in this lawsuit; the Commission is free to identify additional harmed individuals. Even were this not so, Supreme's argument that the Court should permit it to conduct this type of "who and what" discovery about an EEOC conciliation, seems to have been invented out of thin air. Supreme cites no case law in support of such argument. *See* Dkt. 83, Page ID 595-596.[2] And while Supreme is vague on exactly what discovery is needed, the broad way it

---

[2] Supreme creates and asserts its right to conduct "*who* and *what*" discovery about an EEOC conciliation in the last two paragraphs of page 4 of its brief, carrying over into the first paragraph of page 5. Dkt. 83, PageID 595-96.

7

refers to unspecified documents and depositions seems to be the type of "deep dive into the conciliation process" *Mach Mining* seeks to avoid. *See Mach Mining*, 575 U.S. 480, 490.

Indeed, such an elaborate discovery process would render *Mach Mining*'s holding that "a sworn affidavit from the EEOC" typically will be enough to establish compliance with the conciliation requirement (*Id*., at 494) almost meaningless. Post *Mach Mining*, courts have routinely granted EEOC motions for partial summary judgment before the close of discovery upon the filing of a motion supported by such an affidavit. *See EEOC v. Dimensions Healthcare Sys.*, 188 F. Supp. 3d 517, 519 (D. Maryland. 2016); *EEOC v. UPS*, 2017 WL 2829513, * 1, 7-10 (E.D.N.Y. June 29, 2017) (Granting of EEOC's Motion to Strike Conciliation Affirmative Defense that was filed three weeks after Defendant's Answer to Complaint); *EEOC v. AZ Metro Distrbs., LLC*, 2016 WL 10679469, *4-6 (E.D.N.Y. Dec. 20, 2016) adopted by 272 F. Supp. 3d 336, 340-41 (E.D.N.Y. 2017)(striking conciliation affirmative defense). Summary judgment of Supreme's conciliation affirmative defenses is similarly ripe and appropriate here.

### III.   CONCLUSION

For these reasons, the Commission has shown no genuine issues of material fact exist about the Commission satisfying pre-suit obligations and is entitled to summary judgment on the issue. Accordingly, EEOC asks the Court to enter partial summary judgment for Plaintiff regarding Supreme's Third and Fourth Affirmative Defenses. Should the Court deny the Motion, it should not defer the matter to after discovery ends as it would cause undue financial harm to all involved.

Respectfully submitted,

---

Supreme does not support these paragraphs with any case law citation. Supreme then offers a string citation of cases that lack anything to do with an EEOC conciliation on page 5.  *Id*., PageID 596.

| | |
|---|---|
| FAYE A. WILLIAMS<br>Regional Attorney<br>TN Bar No. 11730<br>faye.williams@eeoc.gov<br><br>MARKEISHA K. SAVAGE<br>Trial Attorney<br>TN Bar No. 24693<br>markeisha.savage@eeoc.gov<br><br>ROSLYN GRIFFIN PACK<br>Trial Attorney<br>MS Bar No. 103317<br>roslyn.griffin-pack@eeoc.gov<br><br>/s/ *Donnie Snow*<br>DONNIE SNOW<br>Trial Attorney<br>TN Bar No. 030585<br>donnie.snow@eeoc.gov | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>200 Jefferson Avenue, Suite 1400<br>Memphis, TN  38103<br>Telephone: (901) 685-4644<br><br>GARY SULLIVAN<br>Assistant Regional Attorney<br>AR Bar No. 92051<br>gary.sullivan@eeoc.gov<br><br>MARYNA JACKSON<br>Trial Attorney<br>AR Bar No. 2009111<br>maryna.jackson@eeoc.gov<br><br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>800 Louisiana Street, Suite 200<br>Little Rock, AR 72201 |

9