IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SUPREME STAFFING LLC, BETTER PLACEMENTS PERSONNEL LLC, and INSPIRE HOTEL STAFFING LLC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 2:22-cv-02668-SHL-tmp |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' THIRD AND FOURTH AFFIRMATIVE DEFENSES AND DENYING DEFENDANTS' RULE 56(d) MOTION**

Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion for Partial Summary Judgment on Defendant's Third and Fourth Affirmative Defenses (Alleged Failure to Satisfy Conditions Precedent, Including Conciliation), filed June 14, 2024. (ECF No. 77.) On July 11, 2024, Defendants Supreme Staffing LLC ("Supreme"), Better Placements Personnel LLC, and Inspire Hotel Staffing LLC responded in the form of a Rule 56(d) Motion to Deny Without Prejudice or Defer the EEOC's Motion for Partial Summary Judgment. (ECF No. 82.) The EEOC filed its reply on July 25, 2024. (ECF No. 84.)

For the following reasons, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**. Defendants' Motion to Deny Without Prejudice or Defer the EEOC's Motion for Partial Summary Judgment is **DENIED**.

**BACKGROUND**

A detailed factual background is included in the Court's previous orders. (See ECF Nos. 52 & 75.) In short, Supreme hired Francisco Alvarez in March 2018 and discharged him a year

later, for reasons he alleges violated Title VII of the Civil Rights Act of 1964. (ECF No. 52 at PageID 338.) More specifically, in the charge of discrimination Alvarez filed in April 2019 with the EEOC, he asserted Supreme fired him because he complained about its race discrimination against blacks, that he was discriminated against because of his National Origin, and that he was retaliated against for his complaints. (Id. at PageID 339.) In July 2022, the EEOC issued a Letter of Determination to all Defendants, finding reasonable cause to believe that they had violated Title VII, and inviting them to conciliate the claims to eliminate the employment practices, consistent with Title VII's statutory framework. (Id. at PageID 340.) The EEOC was unable to reach a conciliation agreement with Defendants, which prompted them to file this lawsuit. (Id.)

Now, Plaintiff seeks summary judgment as to Defendants' third and fourth affirmative defenses. Defendants asserted the following in their Answer and Affirmative Defenses to Plaintiff's Amended Complaint:

> **THIRD AFFIRMATIVE DEFENSE**
> Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because Plaintiff (or a supposedly aggrieved individual) failed to comply with the enforcement provisions of Title VII, including without limitation 42 U.S.C. § 2000e-5(e), including a failure to exhaust administrative remedies.
>
> **FOURTH AFFIRMATIVE DEFENSE**
> Plaintiff's claims—and the claims of any supposedly aggrieved individual—are barred, in whole or in part, because Plaintiff failed to fulfill and exhaust all conditions precedent to maintaining such claims, including providing any Defendant with sufficient pre-suit notice.

(ECF No. 55 at PageID 365.)

According to Defendants, "[t]he third affirmative defense asserts, preserves, and gives notice of Defendants' intent to investigate the EEOC's failure to comply with the enforcement provisions of Title VII." (ECF No. 83 at PageID 592.) And "[t]he fourth affirmative defense

2

asserts, preserves, and gives notice of Defendants' intent to investigate the EEOC's failure to exhaust all conditions precedent." (Id.)

The EEOC asserts that it is entitled to summary judgment as to both of those affirmative defenses as "[t]he undisputed facts, viewed in a light most favoring Defendants" establish that the EEOC fulfilled and exhausted all conditions precedent, and that it met its pre-suit conciliation requirements. (ECF No. 78 at PageID 509.) For their part, Defendants assert that the Motion is not ripe, as "Defendants remain without essential facts and information to even evaluate the Motion, must less to justify any opposition to it." (ECF No. 83 at PageID 592–93.) To that end, "Defendants ask the Court to deny the Motion without prejudice or, in the alternative, defer the Motion until after the close of discovery." (Id. at PageID 593.)

## ANALYSIS

### I. Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the non-moving party's cause. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Although the court views all evidence and factual inferences in a light most favorable to the non-moving party, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

The movant has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The burden then shifts to the non-moving party to go

3

beyond the pleadings and designate specific facts showing there is a genuine issue for trial. Id. at 324 (quotations omitted). Ultimately, in evaluating the appropriateness of summary judgment, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52.

Rule 56 also outlines what a party can do if it lacks the necessary facts to oppose a motion for summary judgment. "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

## II.     Whether the EEOC Exhausted its Administrative Remedies and Conditions Precedent

In asserting that Plaintiff's Motion is not yet ripe for disposition, Defendants do not dispute that the EEOC conciliated before filing this lawsuit. In an argument that would appeal to Abbott and Costello, Defendants assert that the "who and what of conciliation" are subject to judicial review, while "how the EEOC goes about conciliation is not." (ECF No. 83 at PageID 595.) Defendants argue that their third and fourth affirmative defenses do not challenge how the EEOC conducted conciliation, but instead "go to the who and what of the EEOC's pre-suit obligations, including conciliation," namely "whether the who and what in this lawsuit is the same who and what the EEOC actually conciliated." (Id.) Ultimately, Defendants concede that the question of "[w]hether the EEOC conciliated on behalf of whomever it now seeks relief," may ultimately be "answered in the EEOC's favor." (ECF No. 83 at PageID 598.) But they assert that it would be inappropriate to grant the motion for summary judgment before the discovery that would allow it to answer that question.

4

The EEOC counters that Supreme received sufficient opportunity and adequate time for discovery, as none was necessary. (ECF No. 84 at PageID 602.) The EEOC asserts that Supreme has all of the information necessary to respond to the summary judgment motion and, in any event, to the extent Supreme argues that the Commission did not meet its necessary conciliation preconditions to filing the lawsuit by not providing a complete list of class members before conciliation, courts contemplate incomplete class member lists during prelitigation stages. The EEOC cites to multiple instances where courts have granted partial summary judgment motions, or motions to strike, similar affirmative defenses. (See ECF No. 84 at PageID 607.)

The EEOC leans heavily on the decision in Mach Mining, v. EEOC, 575 U.S. 480 (2015) which describes the steps "the Commission is to follow in enforcing the employment-discrimination prohibitions of Title VII." (ECF No. 78 at PageID 513.) Mach Mining outlines the mechanics of conciliation as detailed in 42 U.S.C. § 2000e et seq., including that, if the EEOC finds "reasonable cause" to think that an allegation of employment discrimination has merit, it must "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 575 U.S. at 483 (quoting 42 U.S.C. § 2000e–5(b)).

The EEOC is allowed significant latitude in determining the contours of those informal methods, including "the EEOC's extensive discretion to determine the kind and amount of communication with an employer appropriate in any given case." Id. at 483. At the outset, "the EEOC must inform the employer about the specific allegation," and "[s]uch notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result." Id. at 494. Then the EEOC "must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy

5

the allegedly discriminatory practice." Id.  In determining the adequacy of conciliation, courts "review those requirements (and nothing else)," which is a "relatively barebones review [that] allows the EEOC to exercise all the expansive discretion Title VII gives it to decide how to conduct conciliation efforts and when to end them." Id.

Defendants do not dispute that Mach Mining describes the necessary steps that must be taken in the conciliation process, and, at least broadly speaking, do not dispute that the EEOC engaged in conciliation.  But they assert that it is unclear on whose behalf the EEOC conciliated, and what claims were conciliated.  Defendants assert that "the crux of the EEOC's Motion is that it conciliated on behalf of any individual or group or groups that it now seeks relief," but that they "are without essential facts and information regarding the identity of any individual or group or groups that it now seeks relief."  (ECF No. 83 at PageID 598.)

The fundamental challenge for Defendants is that, as Mach Mining explains, to satisfy the statutes governing the conciliation process, the EEOC "must tell the employer about the claim—essentially, what practice has harmed which person or class—and must provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance."  Mach Mining, 575 U.S. at 488; see also id. at 494 ("notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result").  Here, the EEOC told the Defendants about the claim in a July 7, 2022 letter that explained that Supreme discriminated against Alvarez, along with a class of others based on their race and sex.  (ECF No. 79-1 at PageID 542–43.)

Despite Defendants' argument, the "who" and the "what," in other words, are clearly laid out in the letter.  There does not appear to be any dispute as to whether, after issuing the letter, the EEOC engaged in conciliation discussions with Defendants, and the EEOC submitted a

sworn declaration to that effect. (See ECF No. 79-1 at PageID 538–39.) "A sworn affidavit from the EEOC stating that it has performed the [conciliation] obligations . . . but that its efforts have failed will usually suffice to show that it has met the conciliation requirement." Mach Mining, 575 U.S. at 494.

Accordingly, Defendants' third and fourth affirmative defenses that assert the EEOC failed to exhaust its administrative remedies or failed to provide sufficient pre-suit notice fail as a matter of law because the EEOC satisfied its obligations under the appropriate statutes. The EEOC need not have provided the names of all of Defendants' employees who might have been subject to the discrimination, and, in fact, it makes sense that it would not have known the names of all of the members of the class of employees either before it attempted conciliation or before it filed this suit.

Of course, the EEOC is restricted to seeking relief on behalf of the classes of people and the violations it has identified, that is, the "who" and the "what" that formed the basis of the conciliation and that ultimately formed the basis for the relief sought in its lawsuit. See EEOC v. Keco Indus., Inc., 748 F.2d 1097, 1101 (6th Cir. 1984) (explaining that "a complaint filed by the EEOC is limited to the investigation reasonably expected to grow out of the initial charge of discrimination" and that "subsequent, unprepared discrimination claims" are not properly before the court) (citing EEOC v. Bailey Co., Inc., 563 F.2d 439 (6th Cir. 1977.)) See also EEOC v. Skanska USA Bldg., Inc., 80 F. Supp. 3d 766, 779 (W.D. Tenn. 2015) ("A charging party has exhausted their administrative remedies if they file a charge of discrimination and the allegations in the Complaint reasonably grew out of the EEOC's investigation of the charge of discrimination.") (citing EEOC v. Wilson Metal Casket, 24 F.3d 836, 840 (6th Cir. 1994)).

Nevertheless, as the Supreme Court explained in <u>Mach Mining</u>, in order to sufficiently conciliate, the EEOC must provide notice to the employer that describes "what practice has harmed which person or class." 575 U.S. at 488. The EEOC has done so here.

Given the foregoing, the EEOC's Motion for Partial Summary Judgment is **GRANTED**. Because the Court is granting the EEOC's Motion, Defendants' Motion to Deny Without Prejudice or Defer the EEOC's Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED,** this 24th day of January, 2025.

                                        s/ Sheryl H. Lipman
                                        SHERYL H. LIPMAN
                                        CHIEF UNITED STATES DISTRICT JUDGE