**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:22-cv-02668-SHL-tmp |
| SUPREME STAFFING LLC, BETTER PLACEMENTS PERSONNEL LLC, and INSPIRE HOTEL STAFFING LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON OUTSTANDING MOTIONS, ECF NOS. 180, 183, 184, 187 & 201**

Before the Court are multiple intertwined motions that, at their root, deal with the sort of discovery disputes that have long plagued this nearly four-year-old case.  The first is Defendants Supreme Staffing LLC, Better Placements Personnel LLC, and Inspire Hotel Staffing, LLC's Motion for Protective Order Regarding Third-Party Subpoena.  (ECF No. 180.)  Plaintiff Equal Employment Opportunity Commission (the "EEOC") responded to the Motion.  (ECF No. 181.)

Next is the EEOC's Motion to Compel Discovery Responses.  (ECF No. 183.)  After Defendants responded (ECF No. 190), the EEOC replied (ECF No. 199).

The EEOC also filed a Motion to Extend Deadline (ECF No. 184), to which Defendants responded (ECF No. 191), and the EEOC replied (ECF No. 200).

Defendants also filed a Motion to Strike Late-Disclosed Aggrieved Individuals (ECF No. 187), to which the EEOC responded (ECF No. 195).

Finally, Defendants filed a Motion for Partial Summary Judgment, in which they sought to dismiss Plaintiff's failure-to-hire claim.  (ECF No. 189.)  Rather than respond to that motion on the merits, the EEOC filed a Motion to Defer Ruling on the Motion (ECF No. 201), asserting,

among other things, that it needed additional discovery from Defendants in order to properly respond, which included the information it sought in its Motion to Compel Discovery Responses.[1]

As described below, the Motion for Protective Order is **GRANTED**.  The Motion to Compel Discovery Responses is **DENIED**.  The Motion to Extend Deadline is **GRANTED IN PART**.  The Motion to Strike Late-Disclosed Aggrieved Individuals is **DENIED**.  Finally, the Motion to Defer Ruling on the Motion for Partial Summary Judgment is **DENIED**.

I.    **Defendants' Motion For Protective Order Regarding Third-Party Subpoena (ECF No. 180) and the EEOC's Motion to Compel Discovery Responses (ECF No. 183)**

Defendants' Motion for Protective Order and the EEOC's Motion to Compel Discovery Responses are factually related and are governed by similar rules of procedure and law, and thus will be addressed together.  Moreover, the two motions also must be evaluated in the context of the discovery disputes that have long permeated this case.  The Parties' failure to cooperate throughout the discovery process resulted in the Court conducting a series of status conferences in 2025 in an attempt to prod them into cooperation, and to narrow their discovery disputes.  Based on the conferences and the Parties' representations during them, the Court was under the impression that the prodding had worked.[2]  But then, these motions.

A.  Applicable Law

The Federal Rules of Civil Procedure allow for broad discovery, as "[p]arties may obtain

---

[1] Since the filing of the Motion for Partial Summary Judgment, Defendants filed a Motion for Summary Judgment.  (ECF No. 205.)  The EEOC also filed a Motion in Limine to Exclude the Expert Report and Testimony of Dr. Eric J. Mitchem.  Those motions are not yet ripe.

[2] In fact, those conferences resulted in the mooting of multiple previously filed motions to compel.  (See, e.g., ECF No. 99, 107.)

2

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining proportionality, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

So, although Rule 26 allows for broad discovery "[t]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Relatedly, subpoenas to third parties issued under Federal Rule of Civil Procedure 45 are subject to the discovery limitations set out in Rule 26. Fusion Elite All Stars v. Varsity Brands, LLC, 340 F.R.D. 255, 261 (W.D. Tenn. 2022) (quoting Mid Am. Sols. LLC v. Vantiv, Inc., No. 1:16–mc–2, 2016 WL 1611381, at *5 (S.D. Ohio Apr. 20, 2016)) (citation modified).

Under Rule 26, a court can issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense" by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1), (c)(1)(D). Sustaining a protective order under Rule 26(c) requires the moving party to show "'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)[] 'with a particular and specific demonstration of fact, as distinguished from stereotyped and

3

conclusory statements.'" In re Ohio Execution Protocol Litig., 845 F.3d 231, 236 (6th Cir. 2016)

(quoting Serrano v. Cintas Corp., 699 F.3d 884, 901 (6th Cir. 2012)).

    B.  TempWorks Subpoena

The briefing on Defendants' Motion for Protective Order Regarding Third-Party

Subpoena began before the filing of the Motion for Protective Order. On December 31, 2025,

the EEOC sent Defendants a notice of intent to serve TempWorks with a subpoena, and attached

the subpoena to the correspondence. (ECF No. 174-1 at PageID 1720–31.) Later that day,

Defendants filed an Emergency Motion for Temporary Protective Order Pausing Issuance of

Disputed Third-Party Subpoena. (ECF No. 174.) On January 1, the Court entered an Order

Staying the Issuance of Subpoena to Third-Party TempWorks and Requiring Plaintiff to Respond

to Motion for Temporary Protective Order, in which it gave the EEOC an opportunity to respond

to the emergency motion. (ECF No. 175.) After the EEOC responded, Defendants gave "notice

of their intent to file a fulsome motion for protective order in connection with the third-party

TempWorks subpoena." (ECF No. 178.) The Court denied as moot the original emergency

motion, and Defendants filed the Motion for Protective Order now before the Court. (ECF No.

180.)

The Motion explains that TempWorks, one of Defendant's vendors, is a "cloud-based

storage solution" that "houses information created and maintained by Supreme Staffing,"

functioning essentially as "an electronic file cabinet." (ECF No. 180 at PageID 1849–50.) The

EEOC's subpoena requested wide swaths of data from TempWorks regarding Defendants'

employees. (See ECF No. 174-1 at PageID 1724–31.) Defendants argue that they are entitled to

a protective order quashing the TempWorks subpoena for several reasons, including, most

fundamentally, that, during its related administrative investigation that preceded its filing of this

4

lawsuit, the EEOC acquired a database from TempWorks with all of the information the EEOC is now seeking in the subpoena.  (ECF No. 180 at PageID 1850–52; see ECF No. 190 at PageID 2891 ("[T]he database is 'the database' the EEOC seeks in written discovery. . . .  It contains all of the data and information in TempWorks: employee names, job titles, customer details, job orders, assignment details, timecard details—all of it. The database is massive; hundreds of thousands of lines of data, across hundreds of rows, across multiple tabs.").)  Defendants also assert that they are entitled to a protective order because the subpoena "far exceeds the scope of the known facts in this case," is duplicative of party discovery, the EEOC was not diligent in seeking the discovery, the EEOC inappropriately seeks to use the discovery to expand the case, and that it unfairly burdens and prejudices Defendants.  (Id. at 1859–64.)

In its response, the EEOC acknowledges Defendants' standing to challenge the TempWorks subpoena, but nevertheless argues that the information it seeks in the subpoena is relevant, and is information that Defendants have failed to provide in spite of being asked for it, which has left the EEOC with no choice other than to seek it from TempWorks.  (ECF No. 181 at PageID 1927–28.)  The EEOC also asserts that the fact that it subpoenaed TempWorks for information during its administrative investigation "is not relevant to whether the Commission can subpoena Tempworks during this litigation as this lawsuit is a trial de novo."  (ECF No. 181 at PageID 1933 (citing U.S. E.E.O.C. v. Pioneer Hotel, Inc., No. 2:11-CV-01588-LRH, 2014 WL 7653921 at *5 (D. Nev. Sept. 30, 2014)).)

Although the entitlement to discovery is broad, it is not so broad as to warrant allowing the EEOC to proceed with the third-party subpoena it served on TempWorks.

The information sought from TempWorks appears, as the EEOC asserts, to be "relevant to establish whether Defendants discriminated against Blacks by placing Hispanics over Black

5

employees in assignments or whether Defendants placed Hispanics in more assignments or higher paying assignments than Blacks." (ECF No. 181 at PageID 1928.) Indeed, its likely relevance is suggested by the fact that the EEOC apparently sought and received many of the documents it now seeks years ago from TempWorks, when the EEOC was conducting the administrative investigation into the charge that gave rise to this and other similar lawsuits. But Defendants do not challenge whether the information is relevant, and whether the information satisfies the low threshold of relevancy under Rule 26 does not end the inquiry into whether a protective order is warranted.

The issue with the EEOC's third-party subpoena to TempWorks, sought on the eve of the New Year and nearly on the eve of the close of discovery, is that the EEOC has not explained how the information it seeks materially differs from the information that it has previously received from TempWorks. In its response to the Motion, the EEOC explained that it has never concealed the fact that it obtained documents from TempWorks through an administrative subpoena, and, in fact, "produced more than 50 pages of documents related to its administrative subpoena to Tempworks to Defendants." (ECF No. 181 at PageID 1934.) Similarly, in its reply to Defendants' response to the Motion to Compel, the EEOC defended itself against "insinuations that [it] improperly withheld [the TempWorks] data," but in so doing it acknowledged that it "openly disclosed its acquisition of TempWorks data during the investigation and repeatedly discussed the data in motions and hearings, including the September 20, 2024, hearing (ECF No. 96) and the July 11 2025, hearing (ECF No. 149)." (ECF No. 199 at PageID 2998.)

The EEOC represented that it had previously obtained "hiring data" from TempWorks, including the "individual's hire date, race/ethnicity name, and home address, assignment detail,

6

client's name, start date, job title, and the individual's assigned worksite." (ECF No. 180 at

PageID 1850–51.)  Although the information sought in the sprawling attachment to the subpoena

is difficult to follow, at least for those who are unfamiliar with how TempWorks stores the

information it receives from Defendants, it is apparent that it significantly overlaps with the

information that the EEOC already has.  It is true that the time period governing the information

the EEOC seeks from TempWorks through its third-party subpoena spans from January 1, 2018

through December 31, 2025.  (ECF No. 174-1), which is several years longer than the data

previously gathered from TempWorks pursuant to its administrative subpoena.[3]  But this lawsuit

was filed in September 2022 (see ECF No. 1), so it is unclear what relevance the data from the

three-plus years after the lawsuit was filed would have on the EEOC's claims.

The EEOC is correct that the Court stated at one of the status conferences that the EEOC

was "[e]ntitled to get [information] in discovery, even if you already have it," but the Court went

on to explain that  "if you already have it, use it . . . to support, if you can, the request that you're

making." (ECF No. 117, PageID 1085.)  Instead of using the information that it had to engage in

the sort of tailored discovery that the Court was under the impression it had facilitated through

the months' worth of status conferences with the Parties, the EEOC instead has come back and

sought years of data from a third party that the EEOC either already has, or has not demonstrated

that it needs.  Such a request is both annoying and oppressive under Rule 26, as well as being

unreasonably cumulative and duplicative, which together demonstrates the good cause necessary

to adopt a protective order that quashes the third-party subpoena on TempWorks.

Given the foregoing, Defendants' Motion for Protective Order is **GRANTED**.

---

[3] In the Motion to Compel, the EEOC asserts that "the data the Commission obtained
during the investigation is limited to only 2018 through 2021, which is five years less than the
scope of the request."  (ECF No. 185 at PageID 2460.)

C.  Motion to Compel

Many of the arguments that the Parties' articulate as to the TempWorks subpoena resurface in their briefing on the EEOC's Motion to Compel, which addresses two sets of discovery requests.  The EEOC served four interrogatories on Defendants on December 31, 2025 (See ECF No. 183-1.)  Then it served Defendants with additional requests for production on January 6, 2026.  (See ECF No. 183-1 at PageID 2428–41.)  The EEOC asserts that Defendants have rendered improper objections to each of the four interrogatories, as well as requests for production 25–26, 30–31, 32–33, 35–42.

The Motion to Compel should be denied, according to Defendants, because the new discovery requests resurrected the EEOC's "everything" discovery, which the Parties had moved past with the assistance of the Court's previous interventions.  Defendants also assert that the discovery contains duplicative requests that they have already responded to, and that the information sought can be found in the previously provided TempWorks database.  The additional grounds for denying the motion include that the EEOC "continues to mislead the Court about the record," the requests for production are untimely and the product of delay, the EEOC failed to identify and address with any specificity the alleged deficiencies in Defendants' objections or responses, and the EEOC has not overcome Defendants' objections that the requests are overbroad and disproportionate to the needs of the case.  (See ECF No. 190 at PageID 2892–901.)

The EEOC counters that it has not misled the Court, and again asserts that there is no merit to Defendants' objection based on TempWorks having previously provided the EEOC with the information, because "this litigation is a de novo proceeding and the information obtained

during the investigation does not cover the scope of information the Commission is requesting in this lawsuit." (ECF No. 185 at PageID 2462.)

The EEOC's Motion to Compel warrants denial for many of the same reasons that support quashing the TempWorks subpoena, as well as the Rule 26(b)(2)(C)(i) factors, including that the discovery sought is unreasonably cumulative or duplicative, and the EEOC has had ample opportunity to obtain the information through discovery in the action.

On November 21, 2025, the Court held the most recent of the above-referenced series of status conferences with the Parties, and set the scheduling order in the case. That conference seemed to have forestalled the likelihood that the EEOC would propound the litany of requests it served on January 6. Although the Parties indicated that some additional, targeted discovery might be necessary, they agreed with the Court's conclusion that "[t]here should be no new written discovery requests. Is that statement correct from y'all's perspective?" (ECF No. 173 at PageID 1680.) Counsel for Defendants explained that, "from Defendant[s'] standpoint, we believe we have enough out there in written discovery to frame whatever disputes remain." (Id.) The EEOC's counsel characterized that description as "actually put[ing] it quite succinctly for both of us." (Id.) Nevertheless, the Court established February 20, 2026, as the written discovery deadline, which meant that any additional requests would have to be propounded by January 6, 2026, forty-five days before. (Id. at PageID 1687; ECF No. 170 at PageID 1670 n.1.)[4]

---

[4] Defendants assert that the deadline to submit the discovery was actually January 5, 2026. The scheduling order requires that written discovery is served "at least forty-five days before the deadline to complete written discovery." (ECF No. 170 at PageID 1670 n.1.) Defendants assert that, because Federal Rule of Civil Procedure 6(a)(1)(A) excludes the day triggering the event, by serving the requests on January 6, the EEOC "did not permit forty-five days to pass before the close of written discovery." (ECF No. 190 at PageID 2896–97.) Ultimately, Defendants assert that the requests were served forty-four days before the deadline to complete written discovery, and were thus untimely. To the extent the EEOC's requests were propounded late, the one-day discrepancy does not warrant denying the Motion to Compel.

Multiple reasons exist for denying the EEOC's Motion to Compel, both procedural and substantive. To begin, the Local Rules outline the procedure parties are to follow when filing motions to compel. They require a party to "quote verbatim or attach copies of each deposition question, interrogatory, request for admission, or request for production to which objection has been taken or incomplete response has been given" and to "file only those portions of the deposition, interrogatory, request for documents, request for admission, or response that are at issue." LR 26.1(b)(2)(A), (4). The EEOC filed the entirety of Defendants' responses to the requests for production, all of which are not subject to their motion to compel, which runs afoul of the Local Rules and creates additional work for the Court.[5]

Even more problematic than the EEOC's failure to abide by the Local Rules, is the fact that, as Defendants suggest, "the EEOC fails to identify and address with any specificity the alleged deficiencies in Defendants' objections or responses." (ECF No. 190 at PageID 2898.) That failure forced the Court to sift through the requests and responses—particularly as to the requests for production—in an attempt to identify what, precisely, the EEOC was arguing, and whether it was entitled to the relief it sought.

Beginning with the interrogatories, the EEOC takes issue with Defendants' objections to Interrogatories 17 and 18, based on their scope and substance, as well Defendants' objection that the EEOC already has the information it seeks from the database that it previously received from TempWorks. (See ECF No. 185 at PageID 2460–62.) As to Interrogatories 19 and 20, Defendants similarly assert that they have already provided responsive documents to those requests including as business records under Federal Rule of Civil Procedure 33(d), object to

---

[5] The EEOC also filed the entirety of Defendants' response to the third set of interrogatories. (See ECF No. 183-1 at PageID 2443–48.) The EEOC asserts that the responses to each of the four interrogatories is deficient.

them because they are duplicative of other interrogatories, and assert that the information sought

therein is not relevant, overly broad, and, in any event, can be found in the TempWorks database

that the EEOC already has

Not only are those valid objections, including for the reasons the Court outlined above,

but they are not the only objections Defendants made to the requests. For instance, as

Defendants explain, Interrogatories 17 and 18 impermissibly demand that Defendants create a

database that includes the responsive information. Moreover, the record has revealed that

Interrogatory 18 requests information that does not exist. Similarly, Defendants assert that, as to

Interrogatories 17–20, "whether a work order or job title or list of individuals, it is either in

business records identified in response to the earlier (now incorporated) written discovery, or it is

in the database." (ECF No. 190 at PageID 2892.) Defendants' objections to these interrogatories

are well-taken and they shall not be required to further respond to the interrogatories.

As noted above, the EEOC's motion to compel responses to the requests for production

offers blanket arguments as to why Defendants' objections to those requests are insufficient, so it

is difficult for the Court to parse out precisely what the EEOC has identified as being

problematic. Instead, the EEOC made broad and unspecific assertions, many of which are not

supported by the record, and it once again relies on the argument that its possession of the

TempWorks data did not preclude its entitlement to additional—and, it is presumed, frequently

duplicative discovery—from Defendants because this is a de novo proceeding. (See ECF No.

185 at PageID 2460, 2462.) Nevertheless, the fact that this is a de novo proceeding does not

mean that the EEOC is not bound by Rule 26's discovery limitations, or the rules governing

motions to compel.

Specifically, the EEOC asserts that requests Nos. 25, 26, 30, 31 "sought information about individuals who applied for placement with any Defendant from 2018 to present," and Defendants improperly limited "their production to only those Aggrieved Individuals identified by the Commission." (ECF No. 185 at PageID 2463.) The EEOC also asserts that Defendants' objections to requests 32–33 and 35–42 are improper, because the information sought therein can speak to its claims and defenses, and may provide statistical value that would support its claims. (Id. at PageID 2464.)

But as Defendants explain, the "EEOC[] ignores Defendants' objections—and, for that matter, the substantive responses." (ECF No. 190 at PageID 2899.) Ultimately, contrary to the EEOC's contention, its motion did not "explain[] in detail why the requested information is relevant, proportional, and necessary to the resolution of this case," nor did it outline its "clear objections." (ECF No. 199 at PageID 2999.) The EEOC takes issue with the responses, but spends a little more than a page of its brief explaining what those issues are. Most important, the EEOC does little to confront Defendants' assertion that it has either provided the responsive documents, the EEOC otherwise has them, or that, to the extent it does not, the EEOC's requests are overbroad and disproportionate. As Defendants assert, "[t]he EEOC's 'everything' discovery remains a search for claims, not support" of the claims that it has pled. (ECF No. 190 at PageID 2900 (explaining that "[d]iscovery . . . is not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims") (quoting Adkisson v. Jacobs Eng'g Grp., Inc., 2020 WL 8254452, at *3 (E.D. Tenn. Dec. 10, 2020).) For the reasons laid out above, Defendants' objections to these requests for production are well-taken and Defendants shall not be required to further respond to those either.

Consistent with the foregoing, the EEOC's Motion to Compel is **DENIED**.

12

**II.      EEOC's Motion to Extend Deadline (ECF No. 184)**

The resolution of the above motions goes a long way toward resolving the remaining motions before the Court, including the EEOC's Motion to Extend Deadline.  (ECF No. 184.)  In that Motion, the EEOC "asks this Court, under Fed. R. Civ. P. 16(b)(4), to exercise its inherent authority to manage its docket and find good cause exists to move the Commission's expert disclosure deadline to 90 days after it receives the discovery sought from third-party vendor Tempworks and after the Court resolves the Commission's motion [to compel]."  (ECF No. 186 at PageID 2641.)

However, given that the Court has determined that the EEOC is not entitled to additional discovery pursuant to its motion to compel, and that Defendants are entitled to a protective order quashing the TempWorks subpoena, that additional discovery is not forthcoming.  But because the EEOC timely sought to extend the March 2, 2026 deadline to disclose its expert, albeit a week before its deadline to do so (see ECF No. 170 at PageID 1670),[6] it would be inequitable to not allow the EEOC to identify an expert witness simply because its deadline to name an expert expired during the pendency of its Motion.  However, given that the EEOC need not wait to receive additional discovery before identifying an expert, the ninety-day extension from the disposition of the pending motions that it originally requested is excessive.  Therefore, the EEOC's Motion to extend the deadline shall be **GRANTED IN PART**.  It shall have thirty days from the entry of this Order, that is August 12, 2026, to provide its expert witness disclosures. The deadline to depose any expert shall be thirty days from the date that Plaintiff discloses the expert and, to the extent that Defendants seek to file motions to exclude experts/Daubert

---

[6] Because the Court granted the EEOC leave to file a reply, its motion did not become ripe for disposition until April 6, 2026, more than a month after the EEOC's expert disclosure deadline.  (See ECF Nos. 196, 200.)

13

Motions, the deadline to file any such motion shall be twenty-one days after the deadline to depose any expert.[7]

### III.    Defendants' Motion to Strike Late-Disclosed Aggrieved Individuals (ECF No. 187)

Defendants argue that the EEOC's disclosure of three supposedly aggrieved individuals in February 2026 came years after the EEOC knew of them, and therefore Defendants seek to strike them as untimely disclosed.  According to Defendants, the disclosure of the three individuals, Treron Gipson, Santonya Brown, and Ashley Boyd, "after the deadline for serving written discovery, and on the eve of the overall deadline for written discovery," is untimely under Federal Rule of Civil Procedure 26, especially considering "the EEOC knew about them before it filed suit."  (ECF No. 187 at PageID 2763.)  Defendants suggest that the late disclosure of the individuals was also accompanied by a failure to disclose documents related to the three individuals, and "[i]t was only through a protracted manual search and review process that Defendants were able to locate the EEOC-produced documents related to those individuals," which Defendants "reasonably believe . . . was intentional."  (Id. at PageID 2764.)

The EEOC argues that the Motion should be denied for several reasons, including, among others, that it falls outside the scope of a motion to strike under Federal Rule of Civil Procedure 12(f), Defendants failed to consult on the Motion, the disclosures were timely and not produced pursuant to or governed by Rule 26, that each of the three was disclosed prior to February 10, 2026, when the EEOC propounded its Seventh Supplemental List of Aggrieved Parties.

---

[7] The EEOC asserts that "[i]t is undeniable that moving the expert disclosure deadline will impact some remaining discovery deadlines, as well as the dispositive motion deadline and the deadline to file motions seeking to exclude testimony of experts but need not affect the trial date for this matter – October 19, 2026."  (ECF No. 186 at PageID 2645.)  The Court finds it unnecessary to amend any additional deadlines beyond those described in this Order.  If the Court determines that the trial date needs to be reset, it will address that with the Parties when necessary.

The Court need not dive too deep into the EEOC's arguments, as it finds that the February 10, 2026 disclosure of the three individuals is not untimely, and thus **DENIES** Defendant's Motion to Strike. The identification of the individuals that the EEOC believes to be aggrieved was an ongoing process, for which the Court did not set any firm deadlines. The EEOC previously identified each of the individuals in question, and did so before the close of discovery. Accordingly, the Court will not strike Gipson, Brown, or Boyd from the EEOC's list of aggrieved individuals.

**IV.    EEOC'S Motion to Defer Ruling on Motion for Partial Summary Judgment (ECF No. 201)**

Defendants filed a Motion for Partial Summary Judgment on March 9, 2026, based on the EEOC's failure to hire claim. (ECF No. 189.) The EEOC moved to defer its response to that motion, asserting that it could not sufficiently respond without the discovery it sought from TempWorks and through its motion to compel. (ECF No. 202 at PageID 3018.)

A party must respond to a motion for summary judgment "within 28 days after the motion is served." LR 53.1(b)(3). However, the Federal Rules provide that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). When a party believes that it needs more time for discovery before it can respond to a motion for summary judgment, "the non-movant must file an affidavit pursuant to Fed. R. Civ. 56(d) that details the discovery needed, or file a motion for additional discovery. Beyond the procedural requirement of filing an affidavit, Rule 56(d) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery,

15

what material facts it hopes to uncover, and why it has not previously discovered the information." Zakora v. Chrisman, 44 F.4th 452, 479 (6th Cir. 2022) (citation modified).

The EEOC's motion satisfies the procedural hurdles, but, as a result of the denial of the its motion to compel and the granting of Defendants' motion for protective order, the EEOC is not entitled to the discovery it seeks that supports its request to defer a ruling on the partial motion to dismiss, therefore its Motion is **DENIED**.

However, the EEOC must be afforded some additional time to respond to the Partial Motion for Summary Judgment. In their separately filed Motion for Summary Judgment (ECF No. 205), filed on June 15, 2026, Defendants briefly reiterate the arguments they made in their Motion for Partial Summary Judgment. Although there is overlap between the two summary judgment motions, the Motion for Partial Summary Judgment includes its own statement of undisputed material facts, as well as exhibits that are not included in the Motion for Summary Judgment. Requiring Plaintiff to file a single response to both motions would be both impractical and unfair.

Under the Local Rules, the EEOC's response to the second-filed summary judgment motion is due July 13. See LR 56.1(b)(3). It also makes little sense to require Plaintiff to respond to the Motion for Summary Judgment, which contains some of the arguments found in the Partial Motion for Summary Judgment, before it is required to respond to the Partial Motion for Summary Judgment. Therefore, although the Court will allow Plaintiff to file separate responses to the separate summary judgment motions, those responses will both be due at the same time, and shall run from the date of the entry of this Order. Therefore, consistent with Local Rule 56.1(b)(3), the responses to both summary judgment motions are due within twenty-

16

eight days of the entry of this Order, that is, August 10, 2026.  Defendants' replies to those

responses will be due fourteen days from the filing of Plaintiff's responses.  See LR 56.1(c).

<strong><u>CONCLUSION</u></strong>

Consistent with the foregoing, Defendants' Motion for Protective Order (ECF No. 180) is

**GRANTED**; the EEOC's Motion to Compel (ECF No. 183) is **DENIED**; the EEOC's Motion to

Extend Deadline (ECF No. 184) is **GRANTED IN PART**; Defendants' Motion to Strike Late-

Disclosed Aggrieved Individuals (ECF No. 187) is **DENIED**; and the EEOC's Motion to Defer

Ruling (ECF No. 201) is **DENIED**.  Plaintiff's deadline to respond to the pending Motions for

Summary Judgment is August 10, 2026.

**IT IS SO ORDERED,** this 13th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE